# SUPREME COURT OF THE UNITED STATES

## STEVEN LEFEMINE, DBA COLUMBIA CHRISTIANS FOR LIFE *v.* DAN WIDEMAN ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 12–168.   Decided November 5, 2012

PER CURIAM.

This case concerns the award of attorney's fees in a suit alleging unconstitutional conduct by government officials. The United States Court of Appeals for the Fourth Circuit held that a plaintiff who secured a permanent injunction but no monetary damages was not a "prevailing party" under 42 U. S. C. §1988, and so could not receive fees. That was error. Because the injunction ordered the defendant officials to change their behavior in a way that directly benefited the plaintiff, we vacate the Fourth Circuit's decision and remand for further proceedings.

\*    \*    \*

Petitioner Steven Lefemine and members of Columbia Christians for Life (CCL) engage in demonstrations in which they carry pictures of aborted fetuses to protest the availability of abortions. On November 3, 2005, Lefemine and about 20 other CCL members conducted such a demonstration at a busy intersection in Greenwood County, South Carolina. Citing complaints about the graphic signs, a Greenwood County police officer informed Lefemine that if the signs were not discarded, he would be ticketed for breach of the peace. Lefemine objected, asserting that the officer was violating his First Amendment rights, but the threat eventually caused him to disband the protest. See *Lefemine* v. *Davis*, 732 F. Supp. 2d 614, 617–619 (SC 2010).

A year later, an attorney for Lefemine sent a letter to

Dan Wideman, the sheriff of Greenwood County, inform-
ing him that the group intended to return to the same site
with the disputed signs.  The letter cautioned that further
interference would cause Lefemine "'to pursue all avail-
able legal remedies.'"  *Id.,* at 619.  Chief Deputy Mike
Frederick responded that the police had not previously
violated Lefemine's rights, and warned that "'should we
observe any protester or demonstrator committing the
same act, we will again conduct ourselves in exactly the
same manner: order the person(s) to stop or face criminal
sanctions.'"  *Ibid.*  Out of fear of those sanctions, the group
chose not to protest in the county for the next two years.
See *ibid.*

  On October 31, 2008, Lefemine filed a complaint under
42 U. S. C. §1983 against several Greenwood County
police officers alleging violations of his First Amendment
rights.  Lefemine sought nominal damages, a declaratory
judgment, a permanent injunction, and attorney's fees.
See 732 F. Supp. 2d, at 620.  Ruling on the parties' dueling
motions for summary judgment, the District Court deter-
mined that the defendants had infringed Lefemine's
rights.  See *id.,* at 620–625.  The court therefore perma-
nently enjoined the defendants "from engaging in content-
based restrictions on [Lefemine's] display of graphic signs"
under similar circumstances.  *Id.,* at 627.  The court,
however, refused Lefemine's request for nominal damages,
finding that the defendants were entitled to qualified
immunity because the illegality of their conduct was not
clearly established at the time.  See *ibid.*  The court as
well denied Lefemine's request for attorney's fees under
§1988, stating that "[u]nder the totality of the facts in this
case the award of attorney's fees is not warranted."  *Ibid.*

  The Fourth Circuit affirmed the denial of attorney's fees
on the ground that the District Court's judgment did
not make Lefemine a "prevailing party" under §1988.  672

F. 3d 292, 302–303 (2012).\*  The court reasoned that the relief awarded did not "'alte[r] the relative positions of the parties'": The injunction prohibited only "unlawful, but not legitimate, conduct by the defendant[s]," and merely "ordered [d]efendants to comply with the law and safeguard [Lefemine's] constitutional rights in the future. No other damages were awarded." *Ibid.* Lefemine sought a writ of certiorari to review the Fourth Circuit's determination that he was not a prevailing party under §1988.

The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U. S. C. §1988, allows "the prevailing party" in certain civil rights actions, including suits brought under §1983, to recover "a reasonable attorney's fee." A plaintiff "prevails," we have held, "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar* v. *Hobby*, 506 U. S. 103, 111–112 (1992). And we have repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test. See, *e.g., Rhodes* v. *Stewart*, 488 U. S. 1, 4 (1988) (*per curiam*).

Under these established standards, Lefemine was a prevailing party. Lefemine desired to conduct demonstrations in Greenwood County with signs that the defendant police officers had told him he could not carry. He brought this suit in part to secure an injunction to protect himself from the defendants' standing threat of sanctions. And he succeeded in removing that threat. The District Court held that the defendants had violated Lefemine's rights and enjoined them from engaging in similar conduct in the

———————

\*The defendants did not appeal the District Court's judgment that they had violated Lefemine's First Amendment rights, so the Court of Appeals took as a given that a violation had occurred. See 672 F. 3d, at 299, n. 5.

future. Contrary to the Fourth Circuit's view, that ruling worked the requisite material alteration in the parties' relationship. Before the ruling, the police intended to stop Lefemine from protesting with his signs; after the ruling, the police could not prevent him from demonstrating in that manner. So when the District Court "ordered [d]efendants to comply with the law," 672 F. 3d, at 303, the relief given—as in the usual case involving such an injunction—supported the award of attorney's fees.

Because Lefemine is a "prevailing party," he "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley* v. *Eckerhart*, 461 U. S. 424, 429 (1983) (internal quotation marks omitted). Neither of the courts below addressed whether any special circumstances exist in this case, and we do not do so; whether there may be other grounds on which the police officers could contest liability for fees is not a question before us. Accordingly, the petition for certiorari is granted, the judgment of the Fourth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*