**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC.; et al., <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> SWIFT TRANSPORTATION CO., INC. (AZ), <br><br> Defendant - Appellant. | No. 13-15851 <br><br> D.C. No. 2:02-cv-01059-PGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted April 16, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and RESTANI,[**] Judge.

Swift Transportation Co. ("Swift") appeals the district court's award of

attorney's fees to Owner-Operator Independent Drivers Association, Inc. and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

certain owner operators (collectively "OOIDA"), pursuant to 49 U.S.C. § 14704(e).

OOIDA obtained a declaratory judgment against Swift declaring that leases Swift

used prior to 2003 ("Old Form Leases") violated the Truth in Leasing Act. Swift

contends that (1) this declaratory judgment does not satisfy the requirement that

OOIDA must be a prevailing party to be entitled to attorney's fees; and (2) the

district court did not have the authority under 49 U.S.C. § 14704(a) to enter a

declaratory judgment. We affirm.

To be entitled to attorney's fees under 49 U.S.C. § 14704(e), OOIDA must

be a prevailing party in the underlying litigation. *Fulfillment Servs. Inc. v. United

Parcel Serv., Inc.*, 528 F.3d 614, 623-24 (9th Cir. 2008). In order to be a

prevailing party, OOIDA must satisfy three requirements. First, OOIDA "must

obtain an enforceable judgment against the defendant from whom fees are sought,

or comparable relief through a consent decree or settlement." *Farrar v. Hobby*,

506 U.S. 103, 111 (1992) (internal citation omitted). Second, "[w]hatever relief

the plaintiff secures must directly benefit him at the time of the judgment or

settlement." *Id.* Third, "a plaintiff 'prevails' when actual relief on the merits of his

claim materially alters the legal relationship between the parties by modifying the

defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12.

The declaratory judgment satisfied the requirement that OOIDA obtain an enforceable judgment. *See Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (per curiam). Though Swift contends that the declaratory judgment did not materially alter its legal relationship with OOIDA or provide a direct benefit at the time judgment was entered, because Swift persisted in its claim that the Old Form Leases were lawful, OOIDA obtained a direct benefit at the time that the declaratory judgment was entered, which altered the legal relationship between the parties. We have previously characterized this declaratory judgment as "legally binding on the parties." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 632 F.3d 1111, 1123 (9th Cir. 2011). By resolving a live controversy in the case, the district court entered relief that was sufficient under *Farrar* to qualify OOIDA for prevailing party status. Accordingly, the district court did not err in determining that OOIDA was a prevailing party for purposes of 49 U.S.C. § 14704(e).

Swift also contends that the award of attorney's fees was unlawful because the district court lacked the authority to enter a declaratory judgment. 49 U.S.C. § 14704(a)(1)-(2) provides that a plaintiff "may bring a civil action for injunctive relief" and that "[a] carrier . . . is liable for damages sustained by a person." We have previously rejected OOIDA's contention that § 14704(a) authorizes forms of

3

equitable relief other than an injunction, noting that the statute "list[s] only injunctive relief to the exclusion of other equitable remedies." *Swift*, 632 F.3d at 1121. However, "[a] declaratory judgment does not necessarily constitute a form of 'equitable' relief." *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987). Indeed, we considered the fact that OOIDA obtained a declaratory judgment as a factor in previously concluding that injunctive relief was unnecessary. *Swift*, 632 F.3d at 1123.

However, we need not resolve whether declaratory relief is available under § 14704(a), because the question of whether the declaratory judgment was a final, enforceable judgment was already decided in the prior appeal. The doctrine of law of the case precludes us from reconsidering an issue that has "been decided explicitly or by necessary implication in the previous disposition." *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (internal alteration and quotation marks omitted). Although the question of whether § 14704(a) authorizes a district court to enter a declaratory order was not raised in the prior appeal, we held that Swift's failure to raise that challenge meant that the declaratory judgment was legally binding against it. *Swift*, 632 F.3d at 1123 (holding the declaratory judgment "is unchallenged and legally binding on the parties"). Under *Farrar*, OOIDA needed to show only that it had obtained an

enforceable judgment to be entitled to attorney's fees. *Farrar*, 506 U.S. at 111. It is undisputed that the declaratory judgment is enforceable against Swift and would have res judicata effect in any subsequent action. Accordingly, regardless of whether § 14704(a) authorizes a declaratory judgment, the district court did not err in awarding attorney's fees to OOIDA based on the enforceable order it obtained against Swift.

**AFFIRMED**.