# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10960

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2016

Lyle W. Cayce
Clerk

DAVID GRISHAM,

        Plaintiff - Appellant

v.

CITY OF FORT WORTH, TEXAS; JEFFREY HALSTEAD, in his official capacity as Chief of Police for the Fort Worth Police Department,

        Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, BARKSDALE, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

David Grisham sued the City of Fort Worth alleging a denial of his First Amendment right to hand out religious literature at a public festival. Grisham and the City entered into a consent decree in which the City agreed to pay him a dollar in nominal damages. Among other provisions, that decree also prohibits the City from interfering with the free speech rights of Grisham or other individuals at future public events in downtown Fort Worth.

Left unresolved was the question of attorney's fees. So Grisham filed an opposed motion for fees, which the district court denied. It did so based on its belief that other than the award of nominal damages, nothing in the consent

No. 15-10960

order changed the legal relationship between the parties (the court alternatively denied fees on the ground that the request was unreasonable).

Because a plaintiff is a prevailing party when nominal damages are awarded, and this case does not present the special circumstances in which a prevailing civil rights plaintiff may be denied fees altogether, we vacate the order denying fees and remand for an assessment of the reasonableness of the fee request.

I.

Grisham is an evangelical Christian who distributes religious literature, typically Gospel tracts, at public events. One such event was the 2014 Tarrant County Gay Pride Week Association Festival. This free and public festival took place in General Worth Square in downtown Fort Worth pursuant to a permit.

Grisham's wife and daughter, who often work with him, entered the part of the square where the festival was taking place and passed out Gospel tracts. Grisham was doing the same in a separate part of the square away from the festival. According to the complaint Grisham later filed in federal court, officers with the Fort Worth Police Department told his wife and daughter, under threat of arrest, that they must leave the park and physically escorted them to the sidewalk across the street. Once they had crossed the street, another officer approached them and reiterated that they were not to cross the street to reenter the festival. Grisham noticed the officer talking to his family and intervened.

Grisham alleges that the following discussions ensued. He told the officer that he and his family were allowed to share their views on public property during a public event, and that while they would agree not to enter the festival, they wanted to pass out literature on the sidewalk adjacent to it. The officer maintained that the family must stay across the street, insisting that this restriction was for the safety of the Grisham family and because

2

No. 15-10960

festival organizers had a permit that allowed them to close off the area. After further discussion, the officer brought over a festival organizer who told Grisham that he had a permit for the event and Grisham was not welcome. The officer then issued Grisham a trespass warning, telling him that if he crossed the street and reentered the square or adjoining sidewalk, he would be arrested. Fearing arrest, Grisham followed the command.

Grisham filed this lawsuit against the City of Fort Worth, its police chief, and the officer who instructed him not to return to the festival. The complaint alleges free speech and due process violations. It seeks nominal damages, a declaration recognizing that the City and officer violated Grisham's constitutional rights, an injunction prohibiting the City and its police department from violating these rights—both his and others' in the community—in the future, and reasonable costs and attorney's fees. The court dismissed the claims against the individual officer based on qualified immunity.

The City and police chief reached a settlement with Grisham, and the court issued a consent order and final judgment accepting their agreement. The consent decree states in relevant part:

1. The City must allow the constitutionally-protected expression of David Grisham and other speakers on public sidewalks and streets, in downtown Fort Worth, Texas during an event that is free and open to the public within the limits of federal, state, and local law. Defendant City agrees to notify permittees of an outdoor event on public property that speakers will be allowed to exercise constitutionally-protected expression at any event that is free and open to the public.
2. Defendants will not enforce a policy or act in any other manner that would unlawfully ban or interfere with constitutionally-protected expression of David Grisham or other third-party speakers on public sidewalks and streets in downtown Fort Worth, Texas during public events.

3

3. Nothing in this consent order and final judgment prevents the City from enforcing reasonable, time, place and manner restrictions as allowed by law.
4. Defendants shall pay Plaintiff the amount of $1.00 as nominal damages.
5. Plaintiff shall file application for attorney's fees under 42 U.S.C. § 1988 within 14 days after entry of this Order and Final Judgment.

That brings us to the subject of this appeal: attorney's fees. Grisham filed the fee request contemplated by the consent decree, requesting $79,074.36 in attorney's fees and non-taxable expenses along with verified time sheets and affidavits addressing the reasonableness of hours billed. The City opposed the motion, arguing that Grisham was not a prevailing party. The district court denied all fees and expenses, reasoning that although "plaintiff gained a technical victory by receiving a recovery of $1.00 as nominal damages, with the consequence that he is to be viewed as a 'prevailing party' under § 1988, the court has concluded that a proper exercise of its § 1988 discretion would be to deny plaintiff's motion." The district court alternatively ruled that it could deny fees based on "the unreasonableness of the request," as some of the time billed appeared excessive for the work performed.

II.

The district court thus found two reasons not to award Grisham any attorney's fees even though the consent decree ordered him to file a fee application. We review that denial for abuse of discretion, but "the discretion afforded district courts to deny attorney's fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014) (quoting *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985)). A district court abuses this discretion if it applies an "erroneous interpretation of [] special circumstances" to justify denial of fees to an otherwise prevailing party. *Id.* (quoting *Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 417 (5th

Cir. 2007)). Factual determinations underlying the denial of fees are reviewed for clear error; legal conclusions, including whether a party is "prevailing" under section 1988, are reviewed de novo. *Id.*

The "touchstone" of the prevailing party analysis is whether there has been "a material alteration of the legal relationship" between the parties. *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). A "material alteration" results when there is a "judgment for damages in any amount, whether compensatory or nominal," because even a nominal award "forc[es] the defendant to pay an amount he otherwise would not pay." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Such a change in the parties' relationship can be effectuated through an enforceable judgment or, as in this case, a consent decree or settlement. *Id.*; *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). The district court thus correctly recognized that Grisham is a prevailing party because he obtained an award of nominal damages in the consent decree. *Farrar*, 506 U.S. at 112. ("[A] plaintiff who wins nominal damages is a prevailing party under § 1988.").

Despite recognizing Grisham's status as a prevailing party, the district court continued to apply the "material alteration of the legal relationship" standard in determining that no fees should be awarded. It found that the "technical $1.00 nominal damage award constituted such an insignificant change in the relationship between plaintiff and defendant that this court is unwilling to exercise its discretion to award attorney's fees." This was error. As we recently explained, a "prevailing plaintiff's degree of success is not a special circumstance that justifies a complete denial of § 1988 fees." *Sanchez*, 774 F.3d at 881; *see also Pruett*, 499 F.3d at 418 (explaining that the "standard for partial success [is] a different standard than the 'special circumstances' that occasionally allow a defendant to avoid attorneys' fees altogether").

Instead, the degree of success (or in the terms used by the district court, the significance of the change in the parties' relationship) is a factor—often an important one—to consider in assessing the reasonableness of the fee request. *Sanchez*, 774 F.3d at 881 (citing *Tex. State Teachers Ass'n*, 489 U.S at 793).

Although degree of success is not a basis for a full denial of fees, certain "special circumstances" may support denying fees altogether. *Id.* at 880. Because the district court focused its assessment on the significance of the relief obtained, it did not explore cases in which these circumstances have been found. They are few and far between. *Id.* (describing the "special circumstances" exception as a "narrow carve-out" of the general rule that prevailing civil rights plaintiffs should be awarded fees). "Because Congress believed that the incentive of attorney's fees was critical to the enforcement of the civil rights laws, section 1988 requires an extremely strong showing of special circumstances to justify a denial of fees." *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983).

We recognized the rarity of such circumstances long ago in *Riddell v. National Democratic Party*, 624 F.2d 539, 543–44 (5th Cir. 1980), which identified two types of cases in which full denial of fees have been upheld: (1) "situations in which the plaintiff filed under section 1983 to recover what was essentially a tort claim for private monetary damages," which "did not require injunctive relief or confer significant civil rights to the public" and (2) cases in which "even though the plaintiffs received the benefits desired from their litigation, their efforts did not contribute to achieving those results." We have since rejected a host of other asserted special circumstances, including: a defendant's good faith in enacting overturned laws or policies, *Espino v. Besteiro*, 708 F.2d 1002, 1005 (5th Cir. 1983); a defendant's decision not to appeal a permanent injunction, *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955–56 (5th Cir. 1981); a plaintiff's ability to pay its own costs, *id.*;

6

and the district court's view that a prior award of fees was sufficient or that a supplemental request included some clerical work, *Cruz*, 762 F.2d at 1234–35.

The most prominent example of a court's recognizing "special circumstances" that justify depriving a prevailing party of all fees is *Farrar*. The Supreme Court found a denial of fees reasonable despite a jury's award of nominal damages because the suit was primarily for compensatory damages—the plaintiff sought $17 million—and the jury awarded none. *Farrar*, 506 U.S. at 115. It explained that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* In that situation, in which substantial fees are expended in pursuit of a remedy that is never achieved, an award of fees amounts to a windfall for the unsuccessful attorneys. *Id.* at 115–16.

Grisham, however, is not an unsuccessful seeker of compensatory damages. He obtained the relief he sought: nominal damages in recognition that his rights were violated and injunctive relief prohibiting the City from violating his rights again. We have repeatedly held that the *Farrar* circumstance of nominal but no compensatory damages only justifies a complete denial of fees when monetary relief is the primary objective of a lawsuit. *See Sanchez*, 774 F.3d at 883 (holding that *Farrar* did not control because the plaintiff only sought nominal damages and declaratory and injunctive relief); *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (holding that *Farrar* did not control because it "is illustrative of cases where the plaintiff sought only money damages and was essentially unsuccessful"); *Pembroke v. Wood Cty., Tex.*, 981 F.2d 225, 231 n.27 (5th Cir. 1993) (distinguishing *Farrar* because the plaintiffs before it "dismissed their damages claims early on and sought prospective remedies only").

No. 15-10960

Indeed, *Sanchez*'s rejection of both the "degree of success" and "limited injury" of the plaintiff as "a special circumstance that justifies a complete denial of § 1988 fees" seems to control here.  774 F.3d at 881.  The Occupy Wall Street protestors in *Sanchez* did not even obtain nominal damages as Grisham did; they obtained a declaration that their constitutional rights were violated and an injunction preventing Austin from enforcing its policy concerning criminal trespass notices on city property.  *Id.* at 876–77.

That finding of a constitutional violation, entered after a bench trial in *Sanchez*, is what Fort Worth argues is different here.  It emphasizes that the consent decree does not contain an express admission of liability.  That is not unusual.  *See Maher v. Gagne*, 448 U.S. 122, 126 n.8 (1980) (noting that it is "customary" for consent decrees to not "purport to adjudicate [plaintiff's] statutory or constitutional claims" and often to explicitly state that neither party admits fault).  Despite the fact that "a consent decree does not always include an admission of liability by the defendant," the Supreme Court has held it "nonetheless is a court-ordered 'change in the legal relationship between the plaintiff and the defendant.'" *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604 (alteration in original) (citation omitted) (quoting *Tex. State Teachers Ass'n*, 489 U.S. at 792).  What is more, Grisham's consent decree does contain an implicit admission of fault in the form of the nominal damage award to which the City agreed.  "*Every* nominal damage award has as its basis a finding of liability. . . ." *Farrar*, 506 U.S. at 120 (O'Connor, J., concurring); *see also Damages*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "nominal damages" as a "trifling sum *awarded when a legal injury is suffered* but there is no substantial loss or injury to be compensated." (emphasis added)).

Nor do we agree with the view of the district court that the consent decree, in providing that the "City will allow the constitutionally-protected expression by plaintiff and other speakers on public sidewalks and streets in

downtown Fort Worth" at public events, does nothing more than require the City to follow established First Amendment law. Requiring defendants to "comply with the law and safeguard [the plaintiff's] constitutional rights in the future" is often the objective of a civil rights suit, as the Supreme Court recently recognized in rejecting the perceived insignificance of that relief as a basis for denying attorney's fees. *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). Furthermore, enshrining rights in a consent decree changes the parties' legal relationship in the following procedural respect: if Grisham believes that the City violates his rights in the future, he can pursue a contempt action rather than start from scratch with a new lawsuit. Lastly, the consent decree includes what appears to be a new measure that is directly responsive to Grisham's allegation that the festival organizer told him he was not allowed to be present at the event. From now on, Fort Worth will notify permitholders that speakers are allowed to exercise their right to free speech at events that are free and open to the public.

Grisham thus is a prevailing party and there are no special circumstances to justify an outright denial of fees.

## III.

As we said, however, the degree of success can be considered in determining the amount of a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."). But *Hensley*'s degree-of-success factor does not warrant reducing Grisham's fees. Grisham did not obtain prevailing party status despite "los[ing] on some claims," *Pruett*, 499 F.3d at 418, such that the court needs to eliminate the time spent on unsuccessful claims. *Hensley,* 461 U.S. at 435. Nor did he seek a large damage award but obtain only a modest one in which case the time spent is likely to be

disproportionate to the result obtained. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (reversing a fee award as unreasonable in light of plaintiff's winning only $12,233.32 in damages despite seeking $325,000). Rather, Grisham received exactly what he asked for: nominal damages and a declaration that binds the City from infringing on his and other citizens' First Amendment rights going forward. As a result, the degree of success factor does not serve as a basis for reducing Grisham's fee award.

Although it mistakenly treated it as a basis for denying all fees, the district court identified another factor that can reduce a fee award: an excessive amount of time performing a task. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). From a "cursory review of the billing information," the district court concluded that the time spent by Grisham's counsel was excessive. As examples, it cited counsel's devoting 34.3 hours to preparation of the complaint and spending 14.6 hours communicating with local counsel.

Given the deference owed the district court in assessing whether the time entries a lawyer submits in support of a fee request are "excessive, duplicative, or inadequately documented," *Jimenez v. Wood Cty., Tex.,* 621 F.3d 372, 379–80 (5th Cir. 2010), there is no basis to disturb the finding that Grisham's counsel spent too much time on certain tasks. The proper response to such a finding, however, is to reduce, to a reasonable amount, the number of hours to be compensated for a specific task, *Migis*, 135 F.3d at 1048, not to deny all fees. We remand so the district court can perform this task. We also instruct that the fee award include the reasonable costs and attorneys' fees incurred in successfully prosecuting this appeal. *See Sanchez*, 774 F.3d at 885.

No. 15-10960

\* \* \*

The district court's denial of Grisham's Motion for Attorney's Fees and Non-Taxable Expenses is VACATED and we REMAND for the district court to calculate a reasonable fee award in accordance with this opinion.