# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2017

Lyle W. Cayce
Clerk

————

No. 16-30929

————

LISA ROMAIN; STACEY GIBSON; JOANIKA DAVIS; SCHEVELLI ROBERTSON; JERICHO MACKLIN; DAMEION WILLIAMS; BRIAN TRINCHARD,

Plaintiffs - Appellants

v.

MARKETA GARNER WALTERS, in her official capacity as Secretary, Department of Children & Family Services,

Defendant - Appellee

————

Appeal from the United States District Court
for the Eastern District of Louisiana

————

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

The district court determined that Plaintiffs in this matter were not prevailing parties and denied recovery of attorneys' fees. As discussed below, we REVERSE and REMAND.

## I. Background

Plaintiffs Lisa Romain, Stacey Gibson, Joanika Davis, Schevelli Robertson, Jericho Macklin, Dameion Williams, and Brian Trinchard are residents of Louisiana who qualify for benefits under the Supplemental

No. 16-30929

Nutritional Assistance Program ("SNAP").[1] Plaintiffs relied on a state-wide waiver to meet the "work requirement," which is one of many requirements an individual must meet in order to qualify for SNAP benefits. For at least the last eighteen years, the Louisiana Department of Children & Family Services ("Department") consistently requested a waiver from the work requirement based on the high levels of unemployment in Louisiana. Defendant Marketa Garner Walters is the current Secretary of the Department.[2] Despite remaining eligible for the waiver, the Secretary did not apply for the waiver in 2015, which resulted in the waiver expiring on September 30, 2015. As a result of the waiver's expiration, approximately 62,000 SNAP recipients became subject to the work requirement on October 1, 2015.

The Department sent out letters in September 2015 to individuals who were previously covered by the waiver stating both that the recipient would be subject to the work requirement beginning October 1, 2015, and that the recipient's SNAP benefits would expire in three months unless they met the requirement. Starting on or around December 1, 2015, these same individuals began receiving notifications from the Department that their SNAP benefits were being changed or eliminated on January 1, 2016, due to their failure to meet the work requirement.

Plaintiffs filed suit on December 18, 2015, arguing that the September letters discussing the waiver, the December notices reducing or terminating SNAP benefits, and the decision of Defendant to terminate SNAP benefits without individual investigations or fair hearings violated both Plaintiffs' due process rights and their rights under 7 U.S.C. § 2015(o). Their complaint

---

[1] SNAP is more commonly known as the food stamps program.

[2] The suit was originally brought against Suzy Sonnier, who served as Secretary prior to the appointment of Walters.

2

No. 16-30929

sought both declaratory relief that Defendant's actions violated their rights under the aforementioned laws and injunctions staying Defendant from terminating their SNAP benefits.  The complaint requested reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.  Plaintiffs simultaneously filed both a motion for class certification and a motion for temporary restraining order and preliminary injunction.

On January 8, 2016, the parties filed a proposed stipulation and order of settlement ("Settlement Order") with the district court.  The Settlement Order quoted a December 21, 2015 letter from then-Governor-Elect John Bel Edwards to the USDA stating his intention to extend the work requirement waiver statewide in 2016.  Edwards's letter requested the USDA to work with the Department "to ensure that there is no gap in benefits until the waiver can be formally extended after I take office [on January 11, 2016]," and stated that "I am willing to work with your office and [the Department] to ensure these benefits are not cut off on December 31st."

The Settlement Order contained three specific orders to the parties. First, in the event that the USDA granted a waiver, Defendant was ordered to (a) "[t]ake all steps necessary to ensure that SNAP benefits due for January 2016, are issued no later than January 22, 2016 in accordance with federal law and regulations"; (b) take steps to make sure the three-month work requirement limitation period did not commence for Plaintiffs and members of the class; and (c) issue notice to Plaintiffs and members of the class of the actions taken in conformity with the grant of the waiver and the Settlement Order.  Second, if the USDA granted the waiver and Defendant complied with the above conditions, the complaint would be dismissed with prejudice.  Third, in the event that the USDA did not grant the waiver in time to guarantee that Plaintiffs and members of the class received their January 2016 SNAP benefits, Plaintiffs could "restore the matter," including their motions for

injunctive relief, by filing a letter with the district court. The district court signed the Settlement Order on January 19, 2016.

Counsel for Plaintiffs subsequently moved for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d). The motion requested $136,253.25 in fees and $1,888.57 in costs. Defendant opposed the motion, alleging that the fee request was excessive and unreasonable. Defendant also argued that the district court lacked jurisdiction over the fee request because Plaintiffs both had failed to exhaust state administrative remedies and were barred from suing Defendant under the Eleventh Amendment. The district court denied Plaintiffs' motion on the grounds that Plaintiffs were not the prevailing party under § 1988.

## II. Jurisdiction and Standard of Review

The district court had jurisdiction over Plaintiffs' suit under 28 U.S.C. § 1331. Shortly after the district court signed the Settlement Order, Governor Edwards applied for and received the waiver.[3] Given that the settlement conditions have been met, by resolving the fee dispute, the district court rendered "a decision . . . that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010) (quoting *Henry v. Lake Charles Am. Press, LLC*, 556 F.3d 164, 171 (5th Cir. 2009)). We therefore have jurisdiction to hear Plaintiffs' appeal from the order on attorneys' fees under 28 U.S.C. § 1291.

The issues raised by Plaintiffs' appeal involve three standards of review. First, "[t]he characterization of prevailing party status for awards under fee-shifting statutes such as § 1988 is a legal question subject to *de novo* review." *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008) (quoting *Bailey*

---

[3] At oral argument, the parties affirmed to the court that all conditions in the order had been met.

*v. Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005)).  Second, a denial of § 1988 attorneys' fees is reviewed for an abuse of discretion.  *Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014) (quoting *Dean v. Riser*, 240 F.3d 505, 507 (5th Cir. 2001)).  Finally, "this [c]ourt reviews the factual findings supporting the grant or denial of attorney's fees for clear error . . . ."  *Dearmore*, 519 F.3d at 520 (citing *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006)).

### III. Discussion

A.  *Prevailing Party*

In its order denying attorneys' fees and costs, the district court began by stating that:

> Although a party-negotiated settlement resulting in a consent judgment can, under certain circumstances, support a finding of "prevailing party" status and issuance of an attorney fee award . . . the [c]ourt, on the limited showing made, does not find the facts and circumstances of the instant matter to warrant such a finding.

After noting the rapid pace of the litigation, the district court expressed its belief "that no relief provided to Plaintiffs . . . is fairly attributable, to any extent, to the instant lawsuit and the efforts of Plaintiffs' counsel, rather than merely the voluntary action of Defendant based on the announced policy of Louisiana's (then) Governor-Elect John Bel Edwards."  The district court relied on these reasons to deny Plaintiffs prevailing party status.

In order to determine which party in a lawsuit is the "prevailing party" for purposes of § 1988, we apply a three-part test.  *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).  Under that test: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is

entered." *Id.* (citation omitted). As the party requesting fees, Plaintiffs carry the burden to prove that they are the prevailing party. *Id.* (citation omitted).

Applying this test, we hold that Plaintiffs were the prevailing party before the district court. First, Plaintiffs obtained judicially-sanctioned relief in the form of the Settlement Order. Second, the Settlement Order materially altered the legal relationship of the parties by making Defendant subject to additional requirements not included under the SNAP program. The Settlement Order required Defendant to (1) have SNAP benefits for January 2016 issued no later than January 22, 2016; (2) take necessary steps to ensure that no individual loses his or her SNAP benefits due to the timing of the waiver application by Defendant; and (3) issue a new notice to individuals covered by the old waiver informing them of the order and the new waiver. These are all changes in the legal relationship between the parties, as they go above and beyond the requirements of simply applying for and obtaining the waiver. Therefore, this "court-ordered consent decree[] create[s] the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Finally, the Settlement Order modified Defendant's behavior in a way that directly benefited Plaintiffs at the time relief was entered by requiring Defendant to both obtain the waiver and issue a new notice. By obtaining the Settlement Order, Plaintiffs benefitted from no longer having to determine other ways to meet the work requirement.

In its most recent discussion of prevailing party status under § 1988, the Supreme Court stated that "[a] plaintiff 'prevails,' . . . 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits

the plaintiff.'" *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (per curiam) (citing *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992)).  Plaintiffs' lawsuit did just that.  The district court made an error of law in concluding otherwise.

B.  *Special Circumstances*

Determining that Plaintiffs were prevailing parties does not end the debate about whether they are entitled to fees because "special circumstances" can justify a decision not to award fees: Plaintiffs as prevailing parties "ordinarily [should] recover an attorney's fee unless special circumstances would render such an award unjust."  *Sanchez*, 774 F.3d at 879 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  Only one of the two categories of special circumstances we have previously recognized may apply to this case: "cases in which 'even though the plaintiffs received the benefits desired from their litigation, their efforts did not contribute to achieving those results.'" *Grisham v. City of Fort Worth*, 837 F.3d 564, 569 (5th Cir. 2016) (quoting *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 543–44 (5th Cir. 1980)).

On appeal, Plaintiffs argue both that no special circumstances exist and that the "did not contribute" special circumstance is no longer applicable precedent.  Although Plaintiffs correctly point out that we have never found this special circumstance warranted the denial of fees to a prevailing party, we have nonetheless acknowledged its continued viability as recently as *Grisham*.  *See* 837 F.3d at 569.  The Supreme Court's decision in *Buckhannon* does not affect this exception.  *Buckhannon* only addressed the manner in which a district court determines the prevailing party.  But, as we have recognized, "[t]he two inquiries—prevailing-party status and special circumstances—are distinct."  *Sanchez*, 774 F.3d at 881 (citing *Lefemine*, 133 S. Ct. at 11–12).  We therefore continue to be bound by our precedent.

Plaintiffs' other argument on appeal, that no special circumstances exist, is better left to the district court on remand.  *See Higher Taste, Inc. v. City of*

*Tacoma*, 717 F.3d 712, 718–19 (9th Cir. 2013) (after reversing the district court's prevailing party determination, the court of appeals stated that "[o]n remand, the district court should determine in the first instance whether such special circumstances exist"). We note that our precedent requires a defendant arguing special circumstances to "make an 'extremely strong showing' of special circumstances to avoid paying attorneys' fees and that 'the discretion to deny § 1988 fees is . . . extremely narrow.'" *Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007) (quoting *Hous. Chronicle Publ'g Co. v. City of League City*, 488 F.3d 613, 623 (5th Cir. 2007) and *Espino v. Besteiro*, 708 F.2d 1002, 1005 (5th Cir. 1983)).

Thus, to deny attorneys' fees to Plaintiffs on remand, Defendant must present evidence, not supposition, showing that Plaintiffs' lawsuit did not contribute to either Governor Edward's application for the waiver or Governor Edward's work to ensure that no individual lost their SNAP benefits due to the timing of the waiver application. *See Pruett*, 499 F.3d at 417 (defendant has the burden to prove special circumstances); *Kirchberg v. Feenstra*, 708 F.2d 991, 1001 (5th Cir. 1983) ("[W]e have also requested that the court on remand make record findings on those special circumstances that justify denial of an award." (citing *Concerned Democrats of Fla. v. Reno*, 601 F.2d 891, 892 (5th Cir. 1979)). The district court has discretion (subject to review on appeal) to determine how this evidence will be presented and to oversee the types of evidence presented in this unusual situation of determining what motivated the specific action of a governor to be, including whether such evidence should include prior campaign statements and similar published platforms.

In the event the district court determines that no special circumstances apply, the district court must then determine the amount of reasonable and necessary attorneys' fees. "[I]n [the] absence of special circumstances a district court not merely 'may' but *must* award fees to the prevailing plaintiff."

*Sanchez*, 774 F.3d at 880 (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)).

## IV. Conclusion

For the reasons discussed above, we REVERSE the district court and hold that Plaintiffs were prevailing parties for purposes of attorneys' fees and costs under 42 U.S.C. § 1988 as a matter of law.  We further REMAND this case to the district court to assess whether special circumstances apply and, if they do not, to determine the amount of reasonable and necessary attorneys' fees.