# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2019

No. 18-30349

Lyle W. Cayce
Clerk

ANA CHRISTINE SHELTON, in her capacity as both the Natural Tutrix of
the minor children S.A. and T.A. and the Independent Administratrix of the
Succession of Nelson Arce, deceased,

> Plaintiff - Appellant

v.

LOUISIANA STATE; LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; JOSEPH LOPINTO, in his official capacity as the
Sheriff of Jefferson Parish,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Ana Christine Shelton appeals the denial of attorneys' fees in her suit
under the Americans with Disabilities Act. The district court held that Shelton
is not entitled to fees because she recovered only nominal damages. We vacate
the fee order and remand for the district court to reconsider whether special
circumstances justify the denial of attorneys' fees in this case.

No. 18-30349

## I.

This suit was originally brought by Nelson Arce, a deaf man on probation in Louisiana. According to the complaint, Arce had limited proficiency in written English and communicated primarily in American Sign Language (ASL). Arce's probation officer allegedly refused to provide a qualified ASL interpreter during their meetings and failed to explain the terms of probation in ASL. Arce alleged that he unintentionally violated his probation because he did not understand his probation conditions. As a result of this probation violation, Arce was sentenced to 90 days imprisonment in the Jefferson Parish Correctional Center (JPCC). The JPCC allegedly failed to accommodate Arce's disability in multiple respects, including failing to interpret into ASL the Inmate Handbook detailing the jail's rules and regulations. After Arce was released, his probation officer again refused to provide a certified ASL interpreter during probation meetings.

Arce sued the State of Louisiana and Jefferson Parish Sheriff Joseph Lopinto under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, alleging that he suffered discrimination while on probation and while incarcerated at the Jefferson Parish jail because the defendants failed to provide auxiliary aids necessary to ensure effective communication.[1] Arce requested compensatory damages as well as declaratory and injunctive relief. In October 2016, Arce moved for a preliminary injunction against the State of Louisiana requiring that it provide a certified ASL interpreter during his probation meetings. The parties then reached an agreement that the Louisiana Department of Public Safety and Corrections would provide Arce with an ASL interpreter during all future meetings with his probation officer.

---

[1] Arce also sued other state and parish entities who are not appellees here.

2

No. 18-30349

Accordingly, the district court dismissed the motion for a preliminary injunction as moot.

Arce passed away on May 9, 2017. Shelton—the administrator of Arce's estate and the mother of his children—was substituted as plaintiff. In light of Arce's death, the district court dismissed the claims for injunctive relief for lack of standing. Settlement negotiations were unsuccessful, and the parties proceeded to a jury trial. The jury found that both the State of Louisiana and Sheriff Lopinto discriminated against Arce in violation of the ADA, and that the discrimination was intentional. But the jury also found that Shelton did not prove that the discrimination caused injury to Arce. As a result, Shelton received no compensatory damages. The district court entered judgment in favor of Shelton and against Louisiana and Sheriff Lopinto, and awarded $1 in nominal damages as to each defendant.

Shelton then moved for an award of attorneys' fees and costs. The district court recognized that Shelton is a prevailing party but held that "special circumstances justify the denial of attorney's fees" because Shelton sought primarily monetary relief and received only nominal damages. Shelton timely appealed.

## II.

Under the ADA, a court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. A district court's denial of attorneys' fees is reviewed for abuse of discretion. *Sanchez v. City of Austin*, 774 F.3d 873, 878 (5th Cir. 2014). "Factual determinations underlying the denial of fees are reviewed for clear error; legal conclusions . . . are reviewed de novo." *Grisham v. City of Fort Worth, Tex.*, 837 F.3d 564, 568 (5th Cir. 2016).

The ADA's fee-shifting provision is interpreted under the same legal standard as the similar provision in 42 U.S.C. § 1988. *See No Barriers, Inc. v.*

3

No. 18-30349

*Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). Thus, a prevailing plaintiff in an ADA case "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lefemine v. Wideman*, 568 U.S. 1, 5 (2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). "We have held that given the strong policy behind § 1988 of awarding fees to prevailing plaintiffs, defendants must make an extremely strong showing of special circumstances to avoid paying attorneys' fees and that the discretion to deny § 1988 fees is extremely narrow." *Pruett v. Harris County Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007) (quotations omitted). "A district court abuses this discretion if it applies an erroneous interpretation of special circumstances to justify denial of fees to an otherwise prevailing party." *Grisham*, 837 F.3d at 567–68 (quotation omitted).

## III.

The district court held that special circumstances justify the denial of attorneys' fees to Shelton under *Farrar v. Hobby*, 506 U.S. 103 (1992). In *Farrar*, the Supreme Court explained that, "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all." *Id.* at 115. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.*

Shelton asserts that this case is not a "*Farrar* circumstance" because her primary objective was not to obtain monetary relief but rather to gain recognition of Arce's rights and to ensure that other deaf individuals do not suffer the same discrimination. She further contends that the district court erroneously treated *Farrar* as a categorical bar on attorneys' fees instead of considering whether this is an "unusual case" where fees are appropriate. We address each argument in turn.

4

No. 18-30349

A.

The district court correctly determined that *Farrar* provides the relevant legal framework in this case. Shelton sought compensatory damages but failed to convince the jury that Arce suffered injury because of the defendants' discrimination. *See id.* Moreover, Shelton obtained no judicial relief beyond nominal damages. This suit is therefore distinguishable from instances where we found *Farrar* inapplicable because the plaintiffs sought and successfully obtained equitable relief. *See Grisham*, 837 F.3d at 569; *Sanchez*, 774 F.3d at 882; *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

That the complaint initially requested injunctive and declaratory relief is not determinative. We noted in *Grisham* "that the *Farrar* circumstance of nominal but no compensatory damages only justifies a complete denial of fees when monetary relief is the primary objective of a lawsuit." 837 F.3d at 569. But *Grisham* did not hold that merely *seeking* injunctive relief entitles a plaintiff to attorneys' fees. Rather, the court explained that Grisham "obtained the relief he sought: nominal damages in recognition that his rights were violated and injunctive relief prohibiting the City from violating his rights again." *Id.*; *see also Riley*, 99 F.3d at 760 (observing that the appellants "were, for the most part, successful in obtaining the relief they sought").

We do not question the sincerity of Shelton's desire to vindicate the rights of Arce and other deaf individuals through this lawsuit. But a plaintiff's *subjective* motivation in pursuing civil rights litigation is not the relevant consideration. As the Supreme Court has explained, "focusing on the subjective importance of an issue to the litigants" raises "a question which is almost impossible to answer" and "is wholly irrelevant to the purposes behind the fee shifting provisions." *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 791 (1989). We agree with the Fourth Circuit that "*Farrar* simply requires courts to consider the relief that was *sought* by the plaintiff, not the

No. 18-30349

relief that was *most important* to the plaintiff." *Mercer v. Duke Univ.*, 401 F.3d 199, 205 (4th Cir. 2005). For this reason, we decline to consider the course of settlement negotiations to attempt to discern what goals Shelton most hoped to achieve in this case.

In sum, Shelton sought compensatory damages and "recover[ed] only nominal damages because of [her] failure to prove an essential element of [her] claim for monetary relief." *Farrar*, 506 U.S. at 115. Because she obtained no other judicial relief, *Farrar* counsels that denial of attorneys' fees may be appropriate.

B.

*Farrar* does not mandate the denial of fees in every case where the plaintiff seeks monetary relief and recovers only nominal damages. The Supreme Court instead explained that, in such cases, "the only reasonable fee is *usually* no fee at all." *Id.* (emphasis added). Shelton argues that this is an unusual case justifying a fee award because the litigation secured an ASL interpreter for Arce, achieved recognition of the rights of deaf probationers and prisoners to disability accommodations, deterred future ADA violations, and prompted necessary reforms in the defendants' policies toward deaf individuals. She asserts that, "[a]t every stage in this litigation, Louisiana and [the] Sheriff argued vigorously that interpreters were not necessary for effective communication with Nelson Arce," and the jury's liability finding put the defendants "'on notice' that reforms were needed."

We have explained that "[e]ven nominal damages can support an award of attorneys' fees" if the litigation "achieved a compensable goal." *Hopwood v. Texas*, 236 F.3d 256, 278 (5th Cir. 2000) (*Hopwood III*); *see also Riley*, 99 F.3d at 760 (observing that "nominal relief does not necessarily a nominal victory make") (quoting *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring)); *cf. Farrar*, 506 U.S. at 114 (noting that the "litigation accomplished little beyond giving

6

petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way") (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)).[2]

For instance, we affirmed an award of attorneys' fees in *Hopwood III* even though the plaintiffs "achieved no specific injunctive or monetary relief" because the litigation resulted in a significant legal victory invalidating racial preferences in public higher education admissions in Texas, "a benefit that inures to all future applicants to the [University of Texas] Law School, at least those who advocate a race-blind system." 236 F.3d at 278; *see also Hopwood v. Texas*, 999 F. Supp. 872, 916 (W.D. Tex. 1998) (explaining that "the plaintiffs attained extraordinary success in the appellate courts" on their legal arguments challenging affirmative action but did not succeed in establishing "that they were denied admission because of the law school's affirmative action program").[3] We emphasized that "Section 1988 'is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory.'" *Hopwood III*, 236 F.3d at 278 (quoting *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring)).

We have also repeatedly considered the likely deterrent effect of a jury verdict in determining whether attorneys' fees are warranted in nominal

---

[2]    Our cases have incorporated insights from Justice O'Connor's *Farrar* concurrence. Justice O'Connor explained that courts should consider not only "[t]he difference between the amount recovered and the damages sought" but also "the significance of the legal issue on which the plaintiff claims to have prevailed" and whether the litigation "accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Farrar*, 506 U.S. at 121–22. We have not adopted Justice O'Connor's concurrence as circuit law, but district courts may consider these factors if they are helpful in structuring the fee analysis.

[3]    The district court in *Hopwood* also granted a permanent injunction barring the use of racial preferences in admissions. 236 F.3d at 276. But this court reversed the injunction in the same opinion affirming the grant of attorneys' fees. *Id.*

damages cases. *See Picou v. City of Jackson, Miss.*, 91 F. App'x 340, 342 (5th Cir. 2004) (affirming a fee award after "the district court found that Picou had achieved a compensable goal, she established discrimination based on sex, which should serve as a deterrent to the Jackson Police Department in the future"); *Guerrero v. Torres*, 208 F.3d 1006, 2000 WL 177895, at *2 (5th Cir. 2000) (Table) (holding that attorneys' fees were appropriate because the "verdict sent a message to Torres and to the Texas Prison System that the unjustified use of force, even when a prisoner is not severely injured, is intolerable in a civilized society"); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1052–53 (5th Cir. 1998) (explaining that the plaintiff's "victory produced no 'public benefit' justifying an award of fees," where the violation "found by the jury was peculiar to Hidden Oaks, not general in the sense that the City would be forced to change its dealings with other landowners as a result").

The district court declined to consider Shelton's argument that this lawsuit achieved a compensable public purpose, and instead confined its analysis to Shelton's success in obtaining "judicially sanctioned relief" within the meaning of *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court held that a plaintiff cannot qualify as a "prevailing party" without a "judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. Yet we have been clear that "[t]he two inquiries—prevailing-party status and special circumstances—are distinct." *Sanchez*, 774 F.3d at 881. "*Buckhannon* only addressed the manner in which a district court determines the prevailing party" and "[w]e therefore continue to be bound by our precedent" as to special circumstances. *Romain v. Walters*, 856 F.3d 402, 407 (5th Cir. 2017).

Shelton is indisputably a prevailing party. *See Farrar*, 506 U.S. at 112. *Buckhannon* does not undermine our caselaw holding that a plaintiff may achieve a compensable goal despite receiving only nominal damages. As the

No. 18-30349

district court underscored, however, "the determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). Our decisions affirming fee awards have focused on the plaintiff's accomplishments within the litigation itself, such as the deterrent value of a jury verdict or the significance of a new legal precedent. *See Picou*, 91 F. App'x at 342; *Hopwood III*, 236 F.3d at 278; *Guerrero*, 208 F.3d 1006; *Hidden Oaks Ltd.*, 138 F.3d at 1052–53. A district court can evaluate such achievements based on its own knowledge of the case.[4]

## C.

Although *Farrar* is not a categorical bar on fees, we reiterate the Supreme Court's guidance that "[a] plaintiff who seeks compensatory damages but receives no more than nominal damages is often" entitled to "no attorney's fees at all." *Farrar*, 506 U.S. at 115. In cases where fees are warranted, a district court should consider the plaintiff's limited success in calculating its fee award. *See Hensley*, 461 U.S. at 436; *see also Hopwood III*, 236 F.3d at 278 (noting that "the district court properly accounted for the Plaintiffs' lack of success in obtaining monetary and other direct relief by reducing their attorneys' submitted hourly totals"). Because the district court is in the best position to determine whether this lawsuit achieved a compensable public goal justifying a fee award, we remand for reconsideration of Shelton's motion for attorneys' fees in line with the caselaw discussed above. We express no opinion as to the propriety of awarding fees in this case.

## IV.

We VACATE the district court's fee order and REMAND for further proceedings consistent with this opinion.

---

[4] Consistent with these cases, district courts assessing whether to award fees to a plaintiff who recovers only nominal damages need not consider disputed evidence that the defendants voluntarily changed their conduct in response to litigation.