## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2020

Lyle W. Cayce
Clerk

No. 19-30313

GENESIS MARINE, L.L.C. OF DELAWARE,

Plaintiff - Appellant Cross-Appellee

v.

HORNBECK OFFSHORE SERVICES, L.L.C.,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana

Before KING, COSTA, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

Following a bench trial for breach of contract in admiralty, the district court denied both parties attorney's fees. Both parties now appeal seeking fees. We affirm.

I.

In 2013, Hornbeck Offshore Services sold nine sea vessels to Genesis Marine, a commercial operator of tugboats and barges. At the time, Hornbeck already had charter agreements for the vessels in place with third-party customers. In order to continue providing services to these existing customers without interruption, Genesis and Hornbeck entered into a series of contracts.

No. 19-30313

First, the parties entered into a crew management ("crewman") agreement. Under the crewman agreement, Hornbeck would staff all vessels with appropriate crew, billing Genesis for the costs of personnel.

A second set of contracts concerned ship management ("shipman") fees. Each vessel had its own shipman agreement. Under the terms of the shipman contracts, Genesis agreed to pay Hornbeck $2,250 per vessel per day for management services, as well as expenses and fees for certain enumerated technical services. Each shipman agreement was to last twelve months and contained a termination clause in case Genesis sought to exit the contract early.

The third agreement was a set of "back-to-back" contracts, again particularized to each vessel. Hornbeck agreed to continue honoring existing charters for its current customers and to provide services until the charters could either be assigned to Genesis or Genesis entered into new agreements altogether. Hornbeck agreed to staff and operate the vessels it had just sold to Genesis, collect payment for charters, and then remit the funds back to Genesis within ten days. In this case, the relevant back-to-back agreement concerns Hornbeck and its preexisting charter customer Anadarko Petroleum Corporation ("Anadarko").

The back-to-back agreement in turn incorporated and was made subject to provisions of the "Master Time Charter" between Hornbeck and Anadarko. The Master Time Charter included, in relevant part, a paragraph stating:

> If the Master Agreement is placed in the hands of an attorney on account of any dispute under the Master Agreement, or if suit is brought on same, or if sums due under the Master Agreement are collected through bankruptcy or probate proceedings, then the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the other party.

2

No. 19-30313

The Master Time Charter also specified that Genesis would be responsible for paying Hornbeck costs for fuel, lube, and shorebase ("FLS") services.

Genesis sought to terminate all the shipman agreements. A dispute over the propriety of termination resulted in litigation. Under the back-to-back agreement, Genesis sued for breach of contract for the unpaid balance on the Anadarko charter hire, for a total of $722,346.36. Hornbeck replied with affirmative defenses of setoff and accord and satisfaction, and argued that Genesis had an outstanding balance of $117,284.54 for FLS services. Hornbeck further asserted counterclaims for unpaid management fees totaling nearly $3 million under the various shipman agreements.

Following a bench trial, the district court dismissed the shipman fees counterclaims and rendered judgment in favor of Genesis for $722,346.35 for the unpaid charter hire. The district court also awarded $117,284.54 to Hornbeck for FLS services.

Both parties asked for attorney's fees as the "prevailing party." The district court denied fees, reasoning that: (1) fees were not authorized by the shipman agreement, which controlled the litigation, and, in the alternative, (2) both Genesis and Hornbeck were prevailing parties, thus nullifying any award.

II.

"Factual determinations underlying the denial of fees are reviewed for clear error; legal conclusions, including whether a party is 'prevailing' . . . are reviewed de novo." *Grisham v. City of Fort Worth*, 837 F.3d 564, 568 (5th Cir. 2016). The actual award of attorney's fees is reviewed for abuse of discretion. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

3

No. 19-30313

III.

"The general rule in admiralty is that attorneys' fees are not recoverable by the prevailing party." *Delta Steamship Lines, Inc. v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1011 (5th Cir. 1984). But parties are entitled to contract for attorney's fees in the event of a dispute. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). This appeal asks us, for the first time, to determine what constitutes a "prevailing party" in the context of a maritime contract dispute.

Neither the Supreme Court nor our circuit has addressed this question within the specific context of a maritime dispute. But the Court has explained what constitutes a "prevailing party" in non-maritime contexts. Under 42 U.S.C. § 1988, a "plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). *See also Grisham*, 837 F.3d at 568 ("The 'touchstone' of the prevailing party analysis is whether there has been 'a material alteration of the legal relationship' between the parties.") (citations omitted). And "[a] judgment for damages in any amount . . . modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar*, 506 U.S. at 113.

This understanding of "prevailing party" in the § 1988 context guides our decision here. We see no reason to apply a different definition in the maritime context. We therefore adopt the same definition of "prevailing party" here as in the § 1988 context.

Under this definition, Genesis has prevailed. It has obtained a judgment for $722,346.35 that materially alters the relationship between the parties and

4

No. 19-30313

places Hornbeck in Genesis's debt. But Hornbeck has prevailed as well. It has obtained a $117,284.54 judgment that "forc[es] [Genesis] to pay an amount of money [it] otherwise would not pay."

Consequently, there are two prevailing parties. *See Fox v. Vice*, 563 U.S. 826, 835 (2011) (concluding, in the § 1988 context, that "a court could properly award fees to both parties" when a plaintiff prevailed on one claim and when a defendant defeated a separate, frivolous claim). And given that fact, the district court was entitled in its discretion to make an assessment as to the reasonableness of awarding fees to both parties or, conversely, neither. *See Cable Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. 1980) (per curiam) (concluding that "a court in its sound discretion may decline to award attorney's fees authorized by a contractual provision when it believes that such an award would be inequitable and unreasonable"); *Malin Int'l Ship Repair & Drydock, Inc. v. M/V SEIM SWORDFISH*, 611 F. Supp. 2d 627, 634 (E.D. La. 2009) (noting that the Fifth Circuit "has recognized the discretion of a maritime court to adjust a contract-based fee award for reasonability").

The district court here concluded that, because both parties prevailed, neither should be awarded attorney's fees. It did not abuse its considerable discretion in so deciding. Because we affirm on this basis, we do not consider the district court's alternative rationale that the shipman agreements did not authorize fees.[1]

---

[1] In addition, Hornbeck makes a last-ditch attempt to argue that Genesis is not entitled to attorney's fees because it failed to submit to arbitration per the Master Time Charter. Hornbeck alleges that, by failing to go to an arbitrator first as required under Paragraph 1312 of the contract, Genesis forfeited its right to fees. But as Hornbeck concedes, it never invoked arbitration at any point in prior proceedings. It cannot do so for the first time on appeal. *See Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986).

No. 19-30313

\* \* \*

The denial of attorney's fees is affirmed.