# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

────────

No. 16-30929

────────

LISA ROMAIN; STACEY GIBSON; JOANIKA DAVIS; SCHEVELLI ROBERTSON; JERICHO MACKLIN; DAMEION WILLIAMS; BRIAN TRINCHARD,

    Plaintiffs - Appellants

v.

MARKETA GARNER WALTERS, in her official capacity as Secretary, Department of Children & Family Services,

    Defendant - Appellee

────────────

Appeal from the United States District Court
for the Eastern District of Louisiana

────────────

ON PETITION FOR REHEARING EN BANC

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:

  The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5th Cir. R. 35), en banc reconsideration of this case is DENIED. In the en banc poll, six judges voted in favor of rehearing (Judges Jolly, Jones, Smith, Clement, Owen and Elrod) and eight judges voted against rehearing (Chief Judge Stewart and Judges Dennis, Prado, Southwick, Haynes, Graves, Higginson, and Costa).

No. 16-30929

EDITH BROWN CLEMENT, Circuit Judge, joined by JONES, SMITH, and OWEN, Circuit Judges, dissenting from the denial of rehearing *en banc*.

The panel's reversal of the district court's denial of attorney's fees rests on a faulty prevailing party analysis. Under 42 U.S.C. § 1988, a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "[T]o achieve prevailing party status, a party must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). A plaintiff seeking fees bears the burden of proving that: (1) it "achieve[d] judicially-sanctioned relief"; (2) the relief "materially alter[ed] the legal relationship between the parties"; and (3) the relief "modif[ied] the defendant's behavior in a way that directly benefit[ted] the plaintiff at the time the relief [was] entered." *Id.*

To satisfy this test, a plaintiff must show that any alteration in the parties' relationship had "the necessary judicial *imprimatur*." *Id.* The Supreme Court has "not expressly define[d] judicial *imprimatur*, but [has] stated that enforceable judgments on the merits and consent decrees are sufficient for prevailing party status." *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (internal quotation marks omitted). But that does not mean that obtaining a consent decree automatically confers prevailing party status. The plaintiff must *still* show that said consent decree "materially alter[ed] the legal relationship between the parties." *Petteway*, 738 F.3d at 137. It is readily apparent from the timeline here that Romain has failed to do so.

On Friday, December 18, 2015, Romain sued the Louisiana Department of Children and Family Services ("DCFS"), seeking a temporary restraining order to prevent DCFS from terminating their food stamp benefits once the state-wide waiver of the "work requirement" lapsed. The very next business

2

No. 16-30929

day, Governor-Elect John Bel Edwards sent a letter to the U.S. Department of Agriculture to "request that [it] work with [DCFS] to ensure there is no gap in benefits," reaffirming his campaign promise to reinstitute the waiver once he took office. That same day, the district court denied the motion for a temporary restraining order at the parties' request. Three weeks later, the parties submitted a "Stipulation and Order of Settlement," citing Governor-Elect Edwards's letter as the impetus for settlement. The district court signed the order on January 19, 2016.

The settlement order at issue merely memorialized the existing policy of the incoming administration. It did not actually alter the relationship between the parties. "Governor Edwards was elected on November 21, 2015. His policy with regard to this waiver was known, or easily discernable, long before this suit was filed on December 18, 2015." His policy made inevitable the relief ultimately mandated in the settlement order.

Recognizing this, the panel remanded the case to the district court "to assess whether special circumstances apply" to justify not awarding attorney's fees—namely whether "even though the plaintiffs received the benefits desired from their litigation, their efforts did not contribute to achieving those results." *Romain v. Walters*, 856 F.3d 402, 407-08 (5th Cir. 2017) (internal quotation marks omitted). I see no reason to move onto this step when Romain has demonstrably failed to show that the parties' legal relationship today would be different in the absence of the settlement order. Categorizing the issue as a possible "special circumstance" unfairly flips the burden of proof onto the State. *See Pruett v. Harris Cty. Bail Bond Bd.*, 499 F.3d 403, 417 (5th Cir. 2007). This is en banc worthy because by failing to correct this error, the court exposes the State—and by extension tax payers—to predatory lawyering, allowing attorneys to profit from announced policy changes by filing strategically-timed law suits, all the while wasting valuable judicial resources.

3

No. 16-30929

Accordingly, I respectfully dissent from the denial of *en banc* review.