**Frank L. SNIDER, III, Plaintiff,**

v.

**Matthew PETERS, Defendant.**

**Case No. 1:10–CV–100 (CEJ).**

United States District Court,
E.D. Missouri,
Southeastern Division.

Feb. 28, 2013.

Grant R. Doty, Anthony E. Rothert, American Civil Liberties Union of Eastern Missouri, St. Louis, MO, for Plaintiff.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, MO, for Defendant.

### *MEMORANDUM AND ORDER*

CAROL E. JACKSON, District Judge.

This matter is before the Court on plaintiff's motion for attorneys' fees, pursuant to 42 U.S.C. § 1988. Defendant Matthew Peters and intervenor State of Missouri have filed responses in opposition to the motion and the issues are fully briefed.

### I. *Background*

Plaintiff Frank L. Snider, III, slashed a United States flag in front of his home in Cape Girardeau, Missouri, and was charged with violating Missouri's flag desecration statute, § 578.095, Mo.Rev.Stat. He filed suit pursuant to 42 U.S.C. § 1983, against the City of Cape Girardeau, H. Morley Swingle, the prosecutor for Cape Girardeau County, and Matthew Peters, a city police officer. Plaintiff sought damages for alleged violations of his constitutional rights, a declaration that the state statute was unconstitutional, and a permanent injunction barring its enforcement. He also sought declaratory and injunctive relief with respect to a City ordinance that proscribed flag desecration. The State of

Missouri intervened and filed a motion for summary judgment arguing that the statute was not unconstitutional. Plaintiff subsequently filed a motion for permanent injunction against enforcement of the state statute.

In a series of orders, the Court: (1) granted plaintiff summary judgment on his claim that § 578.095 was unconstitutional on its face; (2) entered a permanent injunction barring the statute's future enforcement; (3) dismissed plaintiff's claims against H. Morley Swingle; (4) granted summary judgment in favor of the City on plaintiff's claims; and (5) granted summary judgment against defendant Peters on plaintiff's claims. Following a bench trial on damages, the Court entered final judgment in favor of plaintiff and against defendant Peters in the amount of $7,000.00.

Plaintiff now seeks an award of attorneys' fees in the amount of $62,287.50 and expenses in the amount of $266.68. He asks that defendant Peters and the State of Missouri be held jointly and severally liable for the full amount. Defendant Peters challenges the amount of fees and asserts that the State of Missouri should be solely liable for any award. The State asserts that the injunction barring enforcement of the statute arose under Declaratory Judgment Act and thus attorneys' fees are not available. The State further argues that its involvement in this case was very limited and any award of fees should be similarly apportioned.

## II. *Discussion*

Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs."

### A. *Prevailing Party*

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). A plaintiff "prevails ... when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, —— U.S. ——, 133 S.Ct. 9, 11, 184 L.Ed.2d 313 (2012) (*quoting Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). In this case, plaintiff obtained substantial relief in this matter in the form of a declaration that the state statute was unconstitutional, a permanent injunction barring its future enforcement, a determination that his constitutional rights were violated, and an award of monetary damages. Plaintiff is a prevailing party and thus is entitled to attorneys' fees.

### B. *Reasonable Attorneys' Fees*

Because Section 1988 does not define the term "reasonable attorney's fee," courts have adopted the "lodestar approach"—the "guiding light of ... fee-shifting jurisprudence"—in making that determination. *Ladd v. Pickering*, 783 F.Supp.2d 1079, 1090 (E.D.Mo.2011) (*quoting Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1672, 176 L.Ed.2d 494 (2010)). This well-established standard for assessing attorneys' fees determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933. The district court may, in its discretion, exclude hours not reasonably spent on the matter from the lodestar calculation. *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir.2000). The lodestar approach provides an "initial estimate" of the appropriate amount to

award that is strongly presumed to represent a reasonable fee. *Perdue,* 130 S.Ct. at 1673.

Plaintiff was represented by Anthony E. Rothert and Grant Doty. Mr. Rothert is the legal director of the American Civil Liberties Union of Eastern Missouri. He has been in practice since 1996. Mr. Doty is a staff attorney with the ACLU and has been in practice since 2008. Plaintiff seeks to recover fees based on the rate of $300 per hour for Mr. Rothert and $225 per hour for Mr. Doty.

■ "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet,* 278 F.3d 819, 828–829 (8th Cir.2002). Defendants contend that the relevant legal market in this case is Cape Girardeau, Missouri, and that plaintiff's requested hourly rates are higher than what is typically available in that market. "The relevant market for attorneys in a matter such as this may extend beyond the local geographic community." *Casey v. City of Cabool, Mo.,* 12 F.3d 799, 805 (8th Cir.1993) (citation omitted). "To limit rates to those prevailing in a local community might have the effect of limiting civil rights enforcement to those communities where the rates are sufficient to attract experienced counsel." *Id.* The Court is persuaded that the relevant market in this case extends beyond the borders of southeastern Missouri.

Defendants contend that, even if the relevant market is St. Louis, the requested hourly rates are too high. In determining whether a fee is reasonable, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates." *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir.1991) (internal quotations and citations omitted). In this case, plaintiff engaged in unpopular, yet constitutionally-protected, expression. Attorneys Rothert and Doty have expertise in First Amendment litigation, a factor in support of higher fees. Further support is supplied in the form of attorney affidavits and published records of billing rates for Missouri attorneys. *See* "Billing Rates 2012," Missouri Lawyers Weekly (August 6, 2012). Based on these factors, the Court concludes that the requested hourly rates are reasonable.

■ Mr. Rothert and Mr. Doty have submitted detailed billing records for their activities in connection with this case. Mr. Rothert expended a total of 146.3 hours but seeks compensation for 143.5 hours. The Court has excluded an additional .8 hours of Mr. Rothert's time (for administrative activities such as leaving voicemail messages, affixing certificates of service, and drafting cover letters), leaving 142.7 hours. Mr. Doty expended 108.7 hours and seeks compensation for 85.5 hours. The Court has excluded .7 hours from Mr. Doty's total for administrative activities, leaving 84.8 hours.

Defendants complain that there is an entry for October 20, 2010 for "proceedings" without sufficient explanation to determine whether the time expended was reasonable and related to this case. The confusing nature of this entry appears to be the result of a peculiarity in Mr. Rothert's time-keeping system: the date of the activity is shown opposite the tail end of the description of the activity instead of at the beginning. The full description of the activity on October 20 is "t/c with client re: change in judge, upcoming court date and proceedings." Defendants also challenge as excessive 3.9 hours expended in connection with drafting the amended complaint. The amended complaint added claims against defendant Swingle based on the city ordinance and clarified the bases for the claims against defendants Peters

and Cape Girardeau. The Court finds that these expenditures were not excessive. Defendants also complain that Mr. Rothert billed .5 hours for conferring with Mr. Doty about the amended complaint on November 22, 2010. Mr. Doty did not also bill for the conference and thus no inappropriate double-billing occurred.

### C. *Limited Success*

 Defendants contend that any award of fees must be reduced because plaintiff did not prevail on all of his claims. In particular, plaintiff sought injunctive relief to bar defendant Swingle from enforcing § 578.095 and a similar city ordinance. The Court found that plaintiff's request for relief with respect to defendant Swingle was moot because the Court had enjoined enforcement of the state statute and the city ordinance had been repealed. Plaintiff also alleged that the City had failed to adequately train and supervise defendant Peters and had a policy of criminalizing expressive conduct. The Court granted the City summary judgment on those claims at the close of discovery.

 "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney fees under 42 U.S.C. § 1988." *Hensley,* 461 U.S. at 440, 103 S.Ct. 1933. "Once a party is found to have prevailed, '[a] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit.'" *Casey,* 12 F.3d at 806 (*quoting Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir.1991)). In this case, plaintiff had significant success in obtaining a permanent injunction against enforcement of an unconstitutional statute. His claims against defendants Swingle and Cape Girardeau, although ultimately unsuccessful, were not frivolous and the issues with respect to these defendants were closely related to the issues on which plaintiff prevailed. The Court finds that it is not appropriate to reduce fees for partial success.

### D. *Attorneys' Fees for Count I*

 In Count I of his amended complaint, plaintiff sought a declaration that § 578.095 is unconstitutional. After reviewing the parties' submissions on summary judgment, the State determined that the named defendants were not adequately defending the statute and sought leave to intervene with respect to Count I only. The Court entered judgment in favor of plaintiff and against the State on Count I. The State argues that plaintiff's relief on Count I of his amended complaint arose under the Declaratory Judgment Act, 28 U.S.C. § 2202, which does not authorize the grant of attorneys' fees.

The Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award," will usually qualify a plaintiff for attorney's fees under 42 U.S.C. § 1988. *Lefemine v. Wideman,* —— U.S. ——, 133 S.Ct. 9, 11, 184 L.Ed.2d 313 (2012) (*citing Rhodes v. Stewart,* 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam)). The State is incorrect in its assertion that the declaratory relief plaintiff obtained does not entitle him to attorneys' fees.

### E. *Apportionment of Fees*

 Plaintiff asserts that defendant Peters and the State should be jointly and severally liable for the entire amount of an award of attorneys' fees and expenses. Defendant Peters argues that the State should bear all the costs of an award. The State counters that its involvement in the case was quite limited and that the Court should segregate the time spent on issues related to the State and apportion fees accordingly.

 Non-prevailing defendants are generally held jointly and severally liable for attorneys' fees and costs, regardless of

an individual defendant's degree of culpability. *Tussey v. ABB, Inc.*, 06–04305–CV–C–NKL, 2012 WL 5386033, *6 (W.D.Mo. Nov. 2, 2012) (citations omitted). This is especially true where a plaintiff's claims against multiple defendants are "extremely inter-related, arising out of the same transaction or occurrence or series of occurrences and sharing common questions of law and fact." *Id.* (*quoting Walter v. Clarion Mortg. Capital, Inc.*, 2010 WL 1170136, *2 (W.D.Mo. Mar. 23, 2010)).

Defendant Peters argues that he should not be liable for fees because he was merely applying a state statute when he arrested plaintiff in violation of his First Amendment rights. The Eighth Circuit has rejected this argument:

> [G]overnmental officials are not bound to follow state law when that law is itself unconstitutional. Quite the contrary: in such a case, they are bound not to follow state law. It is true that a [state official] may not know for certain whether a state law is valid or not, and that he may feel obliged to enforce the law until a determination as to its validity has been made. This, however, is not a special circumstance justifying the denial of the customary award of fees. Presumably it will always be true that state officials enforcing a law or otherwise defending state action will believe, or at least hope, that the law or action in question will be upheld against a federal constitutional attack. The point of § 1988 is that such officials proceed at their peril. If in fact they are wrong, and the law they are enforcing turns out to be invalid, § 1988 puts the financial burden on the state officials. The judgment of Congress is that the burden rests more properly on them than on the party who has been wronged by the application of an invalid law.

*Carhart v. Stenberg*, 192 F.3d 1142, 1152 (8th Cir.1999).

Apportionment of the fees according to the parties' "involvement" in the case, as the State urges, is also not appropriate. In making this argument, the State points to its late entry into the case on April 21, 2011, and its departure with the permanent injunction on March 20, 2012. However, the State significantly prolonged the litigation by intervening to uphold a statute that was unconstitutional under well-established, long-standing precedent. *See Texas v. Johnson*, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) (conviction under state flag-desecration statute violated First Amendment).

The Court will hold defendant Matthew Peters and the State of Missouri jointly and severally liable for the award of attorneys' fees and costs.

### F. *Stay of Consideration*

The State asks the Court to stay consideration of plaintiff's request for attorneys' fees until after the appeal is decided, arguing that doing so conserves judicial resources in the event that the judgment is overturned. The Court believes that the better course is to determine the appropriate fees at this stage so that the parties may address any appealable issues regarding the fees at the same time they address the judgment.

\* \* \* \* \* \*

Based on the foregoing, the Court finds that plaintiff is a prevailing party entitled to recover attorneys' fees at the hourly rates claimed by attorneys Rothert and Doty as follows:

Anthony E. Rothert 142.7 hours at $300/hour = $42,810.00

Grant R. Doty 84.8 hours at $225/hour = $19,080.00

The total amount of the fee award is $61,890.00. Plaintiff is also entitled to out-of-pocket expenses for mileage in the amount of $266.68.

Accordingly,

**IT IS FURTHER ORDERED** that plaintiff's motion for award of attorneys' fees and costs [Doc. # 120] is **granted in part.**

**IT IS FURTHER ORDERED** that plaintiff is awarded attorneys' fees in the amount of $61,890.00 and costs in the amount of $266.68.

**IT IS FURTHER ORDERED** that defendant Matthew Peters and Intervenor State of Missouri are **jointly and severally liable** for the award of costs.