18-1820-cv(L)
Chabad Lubavitch of Litchfield v. Litchfield

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2018

Argued: June 10, 2019          Decided: August 14, 2019

Docket Nos. 18-1820-cv; 18-1845-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHABAD LUBAVITCH OF LITCHFIELD COUNTY, INC.,

Plaintiff-Appellee-Cross-Appellant,

v.

LITCHFIELD HISTORIC DISTRICT COMMISSION,
BOROUGH OF LITCHFIELD, CONNECTICUT,

Defendants-Appellants-Cross-Appellees.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, HALL, and CHIN, Circuit Judges.

Appeal and cross-appeal from an order of the District Court for the District

of Connecticut (Janet C. Hall, District Judge) awarding attorney's fees to Chabad

Lubavitch of Litchfield County, Inc. against Litchfield Historic District

---

[1] The Clerk is requested to amend the official caption as above.

Commission and Borough of Litchfield, Connecticut in litigation successfully claiming a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* Defendants-Appellants contend that Plaintiff-Appellee was not a prevailing party. Plaintiff-Appellee contends fees were improperly disallowed for time spent during administrative proceedings.

Affirmed.

> H. James Stedronsky, Stedronsky & Meter, LLC, Litchfield, CT, and C. Scott Schwefel, Shipman, Shaiken & Schwefel, LLC, West Hartford, CT (Mark S. Shipman, Shipman, Shaiken & Schwefel, LLC, West Hartford, CT, on the brief), for Defendants-Appellants-Cross-Appellees Borough of Litchfield, Connecticut and Litchfield Historic District Commission, respectively.
>
> Daniel P. Dalton, Dalton & Tomich, PLC, Detroit, MI, for Plaintiff-Appellee-Cross-Appellant Chabad Lubavitch of Litchfield County, Inc.

JON O. NEWMAN, Circuit Judge:

This appeal primarily requires determination of whether a plaintiff in litigation successfully claiming a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq.* ("RLUIPA") is entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b) as a prevailing party and, if so,

whether such fees may be awarded for time spent during administrative proceedings that preceded the challenged action. These issues arise on an appeal by the Borough of Litchfield, Connecticut, ("Borough") and the Litchfield Historic District Commission ("HDC") (collectively, "Defendants"), and a cross-appeal by Plaintiff Chabad Lubavitch of Litchfield County Inc. ("Chabad") from the May 23, 2018, order of the District Court for the District of Connecticut (Janet C. Hall, District Judge) awarding attorney's fees to Chabad. *See Chabad Lubavitch v. Borough of Litchfield*, No. 3:09-CV-1419 (JCH), 2018 WL 2332075 (D. Conn. May 23, 2018) ("*Fee Opinion*"). The District Court ruled that Chabad was a prevailing party in the underlying litigation, but denied fees incurred during the administrative proceedings and reduced the award further by 50 percent to reflect Plaintiff's partial success. The underlying litigation concerns Chabad's challenge to Defendants' rulings on its application for a Certificate of Appropriateness ("COA") to renovate an historic building that it owns.

We conclude that Chabad is entitled to attorney's fees as a prevailing party, that it may not obtain fees for the administrative proceedings for failure to identify "the discrete portion of the work product from the administrative proceedings" for which fees might have been awarded, *North Carolina Dep't of Transportation v.*

3

*Crest Street Community Council, Inc.*, 479 U.S. 6, 15 (1986), and that the 50 percent reduction was appropriate. We therefore affirm.

## Background

*Facts*. Chabad is a religious corporation that owns a building ("Chabad House") in the Litchfield Historic District. The Borough of Litchfield is an independent municipal corporation within the town of Litchfield, Connecticut. The Borough established HDC to govern aspects of the construction and modification of buildings within the Litchfield Historic District.

Chabad planned to build an addition to its building to accommodate its rabbi's family and the needs of the Chabad community. The proposed expansion required Chabad to apply to HDC for a certificate of appropriateness ("COA"). HDC held four meetings in 2007 to consider Chabad's application. The purpose of one of the meetings was to determine "whether denial of the Chabad's application would place a 'substantial burden' on the Chabad's religious exercise." *Chabad Lubavitch of Litchfield County, Inc. v. Borough of Litchfield, Connecticut*, No. 3:09-cv-1419, 2017 WL 5015624, at *9 (D. Conn. Nov. 2, 2017) ("*Merits Opinion*").

In December 2007, HDC denied Chabad's application without prejudice. HDC stated that it would not approve an addition as large as that proposed by

4

Chabad, which was "'over five times as large'" as the original structure, and "'dominate[d] the original house in every aspect'" *See id*. at *11 (quoting HDC decision). However, HDC said that it would approve "'an addition equal in square footage to the [original] house.'" *Id*. at *12 (quoting HDC decision). HDC therefore invited Chabad to submit a new proposal. HDC did not consider the religious needs of the Chabad in its decision, but analyzed Chabad's use of the proposed interior "'in an attempt to address what [the] RLUIPA required of [it].'" *Id*. (quoting HDC decision).

*Litigation history*. Rather than submit a new proposal, Chabad filed a complaint against the Borough and HDC in September 2009, challenging HDC's denial of the COA as a violation of RLUIPA.[2] In February 2012, the District Court granted Defendants' motion for summary judgment dismissing the complaint in its entirety. *Chabad Lubovich of Litchfield County, Inc. v. Borough of Litchfield*, 853 F. Supp. 2d 214, 238 (D. Conn. 2012). On Plaintiffs' appeal, this Court vacated the judgment with respect to Plaintiffs' claims that denial of the COA imposed a substantial burden on the exercise of their freedom of religion and violated the RLUIPA's nondiscrimination requirement. *Chabad Lubavitch of Litchfield County*,

---

[2] The complaint named an additional plaintiff and additional defendants, none of whom remains as a party to the litigation.

*Inc. v. Litchfield Historic District Commission*, 768 F.3d 183, 202 (2d Cir. 2014). We remanded for further consideration of those claims.

Before and during trial, the scope of the litigation was narrowed. The District Court precluded evidence of damages so that the sole issue at trial on Chabad's claim for a declaratory judgment and an injunction was whether, and to what extent, HDC had placed a substantial burden on Chabad's religious practice in violation of RLUIPA. In November 2017, the District Court issued its decision, ruling that Defendants had violated RLUIPA and granting the one remaining Plaintiff's request for relief in part. *See Merits Opinion*. The Court held that Chabad was entitled to a first floor and basement as large as it had requested, that denial of an addition to the building to that extent would be a substantial burden on the exercise of Chabad's religious rights, but that other aspects of the application, such as a request for a swimming pool, need not be approved. The Court issued a mandatory injunction ordering HDC to approve Chabad's application for a COA "based on the court's conclusion that the denial substantially burdened the Chabad's religious exercise" and violated RLUIPA. *Id.* at *34. However, the Court also ordered Chabad to submit an amended COA application that removed the second story from its proposed plans based on the Court's ruling that Chabad

would not be substantially burdened by having its rabbi live near the Chabad House. The Court ordered Chabad to submit an amended plan within thirty days and ordered HDC to approve the plan within thirty days of submission.

*Attorney's fees*. Chabad did not submit an amended plan conforming to the Disrict Court's ruling, an omission central to HDC's position on this appeal. Instead, Chabad returned to the District Court with a motion for attorney's fees pursuant to section 1988(b). Opposing the motion, Defendants moved to introduce evidence that after judgment Chabad had sought a COA for a modified plan for a building larger than what the HDC originally said it would approve, but smaller than what Chabad originally requested. HDC's proposed evidence showed that it had granted a COA for Chabad's modified plan. The Chabad represented that the structure would meet all of its religious needs, but the HDC granted the COA without any reference to RLUIPA. Based on these developments, Defendants argued that Chabad was not a prevailing party within the meaning of section 1988(b).

The District Court denied Defendants' motion to present evidence of post-judgment developments, *see Fee Opinion*, 2018 WL 2332075, at *5, *13 and granted in part Plaintiff's motion for fees, *see id*. at *13. The Court ruled that Defendants'

proposed evidence was not relevant because Plaintiff's entitlement to fees was to be determined as of the time when the judgment was entered. At that time, the Court ruled, Chabad was a prevailing party because the judgment altered the parties' "'legal relationship'" to the benefit of Plaintiff. *Id*. at *4 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)). However, the Court found that Plaintiff was only partially successful. Although the Court noted that Plaintiff's claims were intertwined factually, it believed that Plaintiff had achieved success on only some of its claims and that a 50 percent reduction of the fees sought was warranted. The Court declined to award attorney's fees for the administrative proceedings, reasoning that Plaintiff's rights were not violated until the end of those proceedings at which time the original application for a COA was denied. Based on the claimed hours and hourly rates for the portions of fees, which are not disputed on appeal, the Court awarded $611,662.09 in attorney's fees and $105,281.36 in costs, for a total monetary award of $717,405.95.

Discusion

*Standard of review*. This Court reviews an award of attorney's fees for abuse of discretion, which occurs "when (1) [a District Court's] decision rests on an error of law . . . or clearly erroneous factual finding, or (2) its decision . . . cannot be

8

located within the range of permissible decisions." *McDaniels v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (internal citations and quotation marks omitted).

Because the question whether a party prevailed is a legal one, this Court reviews it *de novo*. *Preservation Coalition of Erie County v. Federal Transit Administration*, 356 F.3d 444, 450 (2d Cir. 2004) (internal citation omitted).

*Prevailing party*. The Civil Rights Attorney's Fees Awards Act of 1976 provides in relevant part: "In any action or proceeding to enforce a provision of . . . [RLUIPA] . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

To qualify as a prevailing party, a plaintiff "must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . . Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar*, 506 U.S. at 111 (internal citations omitted). Said differently, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way

9

that directly benefits the plaintiff." *Id*. at 111-12. The Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012) (internal citation omitted).

Here, Plaintiff obtained a judgment against Defendants declaring that Defendants violated RLUIPA by denying a COA to Chabad and enjoining HDC to grant Chabad a COA once Chabad submitted a revised application. That judgment, on the day it was entered, was of considerable value to Plaintiff. It not only upheld its legal position that its rights had been violated, but, more important, it greatly enhanced Plaintiff's bargaining position in whatever further negotiation with HDC Plaintiff might undertake.

As the District Court correctly ruled, it does not matter what happened after judgment was entered. The fact that Chabad did not present a plan conforming to the Court's judgment, thereby triggering HDC's duty to approve that plan, is irrelevant. A person need not claim the winner's prize to be a winner; it need only win the event. Chabad "won" and became a prevailing party when it obtained a beneficial "enforceable judgment." *Farrar*, 506 U.S. at 111.

Defendants' reliance on *Rhodes v. Stewart*, 488 U.S. 1 (1988), is unavailing. "Th[at] case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever." *Id*. at 4.

The District Court correctly ruled that Chabad was a prevailing party under section 1988.

*Fees for administrative proceeding.* On the cross-appeal, Plaintiff contends that the District Court erred in not awarding attorney's fees for the time spent seeking a COA in administrative proceedings before HDC. In denying Plaintiff's request for fees incurred during those proceedings, the District Court explained that Plaintiff was not entitled to fees for proceedings that preceded a violation of its rights, which did not occur until HDC denied the application for a COA at the conclusion of the administrative proceding.

"Section 1988 permits attorney's fees 'for time spent on administrative proceedings to enforce the civil rights claim prior to the litigation.'" *Tsombanidis v. West Haven Fire Department*, 352 F.3d 565, 581 (2d Cir. 2003) (quoting *North Carolina Dep't of Transportation*, 479 U.S. at 15. The District Court correctly recognized that Plaintiff did not litigate the administrative proceedings before HDC to enforce its RLUIPA claim. It did not have such a claim until HDC denied the COA

11

application. However, the Supreme Court has stated that "even if the prior proceeding is not a proceeding to enforce one of the § 1988 civil rights laws, the discrete portion of the work product from the administrative proceedings that was both useful and of a type ordinarily necessary to" secure the final result obtained from the litigation "can be part of the attorney's fees awarded under § 1988." *Id.* (citations and quotation marks omitted).

In *Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994), we had occasion to consider the propriety of awarding fees for the discrete portion of the work product from an administrative proceeding. *Id.* at 106. The plaintiff sought to enjoin a school's disciplinary proceeding against him, arguing that the school was haphazardly enforcing a state electioneering law. *See id.* at 101. We affirmed the District Court's award of attorney's fees pursuant to section 1988 for a "portion" of the fees incurred while working on the disciplinary proceeding. *See id.* at 106. We saw no reason to disagree with the District Court's appraisal that a discrete portion of the work done in connection with the disciplinary proceeding was both useful and ordinarily necessary. *See id.*

The significant aspect of *Cullen* is that the prevailing plaintiff there had not claimed all fees in connection with the administrative proceedings, but had

"appropriately excluded from his request those fees incurred that were particular to the disciplinary proceeding and could not be transferred to the district court action," *id.*, thereby identifying from among the total hours of the administrative proceedings the particular hours that it claimed satisfied the "discrete portion" test of *North Carolina Dep't of Transportation*. In the District Court in the case before us, Plaintiff made no similar separation. Thus, the District Court was given no basis to make even a partial award of fees for the administrative proceedings. In these circumstances, the District Court acted within its discretion by awarding no fees for those proceedings.

*Fee reduction.* On the cross-appeal, Plaintiff also challenges the District Court's 50 percent reduction of the amount of fees claimed, after elimination of time spent in the administrative proceedings, based on Plaintiff's only partial success. When a plaintiff has achieved partial success, "[t]he most important factor in determining a reasonable fee for a prevailing plaintiff is 'the degree of success obtained.'" *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996)). "[W]hen a plaintiff has achieved substantial success in the litigation but has prevailed on fewer than all of his claims, the most important question in determining a reasonable fee is whether the

failed claim was intertwined with the claims on which he succeeded." *Id.* at 762.

Here, the District Court ruled that all the equitable and damages claims were intertwined factually, and said that it would evaluate the success of the litigation as a whole rather than on a claim-by-claim basis due to the interrelated nature of the claims. The Court acted within its discretion in concluding that a 50 percent reduction was warranted because, on the one hand, "Chabad achieved a legal victory and was awarded significant injunctive relief but, on the other hand, . . . was denied much of the disputed injunctive relief it requested and failed to support a claim for money damages." *Fee Opinion*, 2018 WL 2332075, at *7. *See Barfield v. New York City Health and Hospital Corp.*, 537 F.3d 132, 151-53 (2d Cir. 2008) (approving 50 percent reduction).

## Conclusion

The order of the District Court is **affirmed**.