*Cheruvu v. HealthNow N.Y., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

SREEKRISHNA M. CHERUVU,

> *Plaintiff-Appellant*,

v.

HEALTHNOW NEW YORK, INC., d.b.a. BLUECROSS BLUESHIELD OF WESTERN NEW YORK, INDEPENDENT HEALTH ASSOCIATION, INC., INDIVIDUAL PRACTICE ASSOCIATION OF WESTERN NEW YORK, INC., EXCELLUS HEALTH PLAN, INC., d.b.a. UNIVERA HEALTHCARE, SUSAN SCHULTZ, a.k.a. SUSAN NASON,

> *Defendants-Appellees*.*

No. 22-1993

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**    GERALD T. WALSH, Zdarsky, Sawicki & Agostinelli LLP, Buffalo, NY.

**For Defendants-Appellees HealthNow New York, Inc., d.b.a. BlueCross BlueShield of Western New York, and Susan Schultz, a.k.a. Susan Nason:**    MICHAEL P. MCCLAREN (Meghan M. Hayes, *on the brief*), Webster Szanyi LLP, Buffalo, NY.

**For Defendants-Appellees Independent Health Association, Inc. and Individual Practice Association of Western New York, Inc.:**    MARK A. MOLLOY, Nixon Peabody LLP, Buffalo, NY.

**For Defendant-Appellee Excellus Health Plan, Inc., d.b.a. Univera Healthcare:**    JOSHUA I. FEINSTEIN (Ryan J. Lucinski, *on the brief*), Hodgson Russ LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Sreekrishna Cheruvu, a former physician, appeals from the district court's dismissal of his claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1988 against Defendants HealthNow New York, Inc., doing business as BlueCross

2

BlueShield of Western New York ("BlueCross"), Independent Health Association, Inc. ("IHA"), Individual Practice Association of Western New York, Inc. ("IPA"), Excellus Health Plan, Inc., d.b.a. Univera Healthcare ("Univera"), and Susan Schultz, a.k.a. Susan Nason ("Schultz").[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2020, Cheruvu brought suit alleging primarily that Defendants acted in concert with state and federal law-enforcement agencies to maliciously prosecute him for engaging in fraudulent billing practices, in violation of section 1983.[2] Cheruvu also asserted that Defendants discriminated and conspired to discriminate against him on the basis of his race, in violation of sections 1981, 1982, and 1985, and sought attorney's fees, pursuant to 42 U.S.C. § 1988.  In granting

---

[1] The district court also declined to exercise supplemental jurisdiction over Cheruvu's state-law claims and remanded those claims to state court.  On appeal, Cheruvu does not challenge that portion of the district court's decision.

[2] Between July 2014 and January 2015, Cheruvu was thrice indicted by federal and state grand juries for his allegedly fraudulent billing practices.  The government also brought a civil-forfeiture action against Cheruvu in federal court in May 2014.  While his federal criminal trial was ongoing, Cheruvu pleaded guilty to one count of healthcare theft or embezzlement, in violation of 18 U.S.C. § 669(a).  Cheruvu also entered a similar guilty plea in the state criminal case.  After Cheruvu moved to withdraw his guilty pleas alleging actual innocence, all federal criminal charges and civil-forfeiture proceedings against Cheruvu were dismissed pursuant to a settlement agreement between Cheruvu and the United States Attorney for the Western District of New York.  As part of the settlement agreement, the $99,378.17 seized from Cheruvu was forfeited to the government, which arranged to "disburse such funds" among BlueCross, IHA, and Univera.  App'x at 54–55.  In November 2019, the New York state court also dismissed all of the state criminal charges against Cheruvu.

3

Defendants' motions to dismiss the complaint, the district court concluded that Cheruvu failed to plausibly allege that (1) Defendants "act[ed] under color of state law" to support a claim under section 1983, *Cheruvu v. HealthNow N.Y. Inc.*, No. 20-cv-808 (LJV), 2022 WL 3346918, at *4 (W.D.N.Y. Aug. 12, 2022) (internal quotation marks omitted), and (2) Defendants possessed any "discriminatory intent," as is required to establish liability under sections 1981, 1982, and 1985, *id.* at *6.[3]   "We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure, "accepting all factual allegations in the complaint as true[] and drawing all reasonable inferences in the plaintiff's favor."   *Dolan v. Connolly*, 794 F.3d 290, 293 (2d Cir. 2015) (internal quotation marks omitted).

The district court correctly concluded that Cheruvu failed to state a claim under section 1983.   "Because the United States Constitution regulates only the [g]overnment, not private parties," *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir.

---

[3] Because the district court concluded that Cheruvu was not "a prevailing party" for purposes of section 1981, 1982, 1983, and 1985, it also rejected Cheruvu's request for attorney's fees under section 1988.   *Cheruvu*, 2022 WL 3346918, at *6 n.12; *see also* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of sections 1981, . . . 1982, 1983, [or] 1985 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 243 (2d Cir. 2019) ("To qualify as a prevailing party [under section 1988], . . . [a] plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." (internal quotation marks omitted)).

2012) (internal quotation marks omitted), a plaintiff asserting a section 1983 claim for constitutional violations must plausibly allege "that he was injured by either a state actor or a private party acting under color of state law," *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). We have held that a private party "acts under color of state law when [it] 'is a willful participant in joint activity with the [s]tate or its agents.'" *Id.* at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To plead that a private party was "a willful participant in joint activity with the [s]tate," Cheruvu must plausibly allege that the private party and the state "share some common goal to violate the plaintiff's rights." *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) (internal quotation marks omitted). On the other hand, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [section] 1983 claim against the private entity." *Ciambriello*, 292 F.3d at 324.

Here, Cheruvu's complaint asserts that Defendants acted under color of state law by furnishing allegedly "false information" to law-enforcement agencies and by providing purportedly "misleading testimony and fabricated evidence." App'x at 24, 34. But the law is clear that the "provision of . . . information to [law-enforcement agencies] does not by itself make [a private party] a joint participant

5

in state action under [s]ection 1983," *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999), and that "all witnesses – [law-enforcement] officers as well as lay witnesses – are absolutely immune from civil liability [under section 1983] based on their testimony in judicial proceedings," *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983). Aside from these broad assertions, and evidence that certain of the Defendants were very pleased with Cheruvu's prosecution, Cheruvu alleges no facts to suggest that Defendants and the law-enforcement agencies that were involved in his investigation "share[d] some common goal to violate [his] rights." *Betts*, 751 F.3d at 85. Thus, because the complaint contains nothing more than "conclusory allegation[s] that [Defendants] acted in concert with a state actor," we affirm the district court's dismissal of Cheruvu's section 1983 claims against Defendants.[4] *Ciambriello*, 292 F.3d at 324.

The district court also correctly dismissed Cheruvu's racial-discrimination claims under sections 1981, 1982, and 1985, all of which require Cheruvu to

---

[4] On appeal, Cheruvu argues that the Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022), "undermined the rationale" for the district court's dismissal of his "[s]ection 1983 malicious[-]prosecution claim[s]." Cheruvu Br. at 33. But Cheruvu's reliance on *Thompson* is misplaced. While the district court dismissed Cheruvu's section 1983 claims because the complaint had failed to allege that Defendants "act[ed] under color of state law," *Cheruvu*, 2022 WL 3346918, at *4 (internal quotation marks omitted), *Thompson* concerned "the favorable[-]termination requirement of the Fourth Amendment," which is an entirely different element for a malicious-prosecution claim, 142 S. Ct. at 1336, and one on which the district court did not rely.

plausibly allege that Defendants had the "intent to discriminate against him on the basis of his race." *Sherman v. Town of Chester*, 752 F.3d 554, 567 (2d Cir. 2014) (sections 1981 and 1982); *see also Reynolds v. Barrett*, 685 F.3d 193, 201–02 (2d Cir. 2012) ("[Section] 1985 . . . require[s] 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971))). As the district court pointed out, "Cheruvu offer[ed] little more than his own say[-]so that [D]efendants targeted him because of his race." *Cheruvu*, 2022 WL 3346918, at *6. Indeed, the entirety of the complaint's allegations of discriminatory intent consists of the following: (1) "[Cheruvu] is [an] Asian Indian American," and (2) "[D]efendants had an intent to discriminate against [him] on the basis of race." App'x at 35. These "naked assertions of racial discrimination," *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 672 (2d Cir. 1995) (internal quotation marks omitted), are simply inadequate to "giv[e] rise to a plausible inference of racially discriminatory intent," *Henry v. County of Nassau*, 6 F.4th 324, 335–36 (2d Cir. 2021) ("In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." (internal quotation marks omitted)).

7

On this record, we cannot conclude that the district court erred by dismissing Cheruvu's section 1981, 1982, and 1985 claims.

We have considered all of Cheruvu's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court