24-2887-cv
*Knights v. City University of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-five.

Present:

> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————————

ROGELIO KNIGHTS, JR.,

> *Plaintiff-Appellee,*

v.                                                        24-2887-cv

CITY UNIVERSITY OF NEW YORK,

> *Defendant-Appellant,*

THOMAS A. ISEKENEGBE,
CHRISTOPHER TODD CAROZZA,

> *Defendants.*

———————————————————————

| | |
|---|---|
| For Plaintiff-Appellee: | ROOSEVELT T. SEYMOUR, Brooklyn, NY. |
| For Defendant-Appellant: | D. ALAN ROSINUS, JR. (Richard Dearing, Melanie T. West, *on the brief*), Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant City University of New York ("CUNY") appeals from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*), entered on October 7, 2024, awarding Plaintiff-Appellee Rogelio Knights, Jr., attorney's fees in the amount of $75,000.

In January 2017, Knights was working as a temporary contract employee at Bronx Community College ("BCC"), a CUNY institution, when he was notified that a student athlete from LaGuardia Community College ("LCC"), also part of the CUNY system, had accused him of sexual harassment. Defendant Christopher Todd Carozza, the Title IX Coordinator at LCC, investigated the claim and substantiated several of the allegations. On March 17, 2017, BCC informed Knights that it had adopted Carozza's findings and that he was terminated effective immediately, just thirteen business days before his contract was set to expire. Knights subsequently initiated arbitration proceedings, seeking a fact-finding hearing as to whether he had violated CUNY's sexual harassment policy—otherwise known as a name-clearing hearing. In May 2018, on the eve of arbitration, BCC notified Knights by letter that it had decided to rescind his termination and pay him for the remaining thirteen business days of his term of employment. CUNY also removed any reference to the incident from his personnel file. Based on these actions, CUNY moved to dismiss the arbitration as moot. The arbitrator granted the motion in November

2

2018, concluding that CUNY's actions resolved Knights's grievance and that he was not entitled to a name-clearing hearing because he had no constitutionally protected property interest in his temporary position.

In January 2019, Knights commenced this suit against CUNY, Carozza, and Thomas Isekenegbe, the president of BCC, pursuant to 42 U.S.C. § 1983, alleging violations of his right to due process under the Fourteenth Amendment. In his amended complaint, he sought more than $45 million in compensatory and punitive damages, a name-clearing hearing, and vacatur of the arbitration award. After the district court granted summary judgment for the defendants on all but one of Knights's claims, the case proceeded to trial in June 2023 on his remaining "stigma-plus" claim against CUNY.[1] At trial, Knights sought approximately $4.3 million in damages—a far cry from the damages he previously sought but still a substantial amount. The jury determined that Knights had been unlawfully denied a name-clearing hearing but awarded him only $1 in nominal damages. The district court entered a final judgment in that amount on June 29, 2023.

Despite his minimal success, Knights sought attorney's fees totaling nearly $120,000. The district court awarded him $75,000 in fees, reasoning that Knights was "entitled to a significant part of his attorney's fees," in part due to CUNY's "questionable behavior" in "moot[ing] Knights' right to have the legitimacy of his termination decided in his arbitration proceeding," which forced him to engage in "protracted and costly litigation." App'x 788, 796–98. The defendants appealed, and this Court vacated the award because the district court had failed to adequately explain its decision based on the considerations identified in the governing fee-award cases, particularly in nominal damages cases such as *Farrar v. Hobby*, 506 U.S. 103 (1992), and *Pino v. Locascio*,

---

[1] A "stigma-plus" claim involves an alleged "injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

3

101 F.3d 235 (2d Cir. 1996). *See Knights v. City Univ. of N.Y.*, No. 23-7708-CV, 2024 WL 3912895, at \*2 (2d Cir. Aug. 23, 2024) (summary order).[2]  The Court instructed the district court to reconsider its decision in light of those cases.  On remand, the district court again awarded Knights $75,000 in an amended order.  Although the court acknowledged that *Farrar* and *Pino* strictly limit the circumstances in which fees may be awarded in nominal damages cases and that this case did not meet any of the recognized bases for awarding such fees, it reasoned that a fee award was warranted because CUNY acted in "bad faith" in mooting the arbitration rather than allowing Knights to pursue a name-clearing hearing.  Special App'x 8.  CUNY now appeals the amended order, arguing that the district court abused its discretion by ignoring *Farrar* and *Pino* and basing its decision on impermissible considerations.  We assume the parties' familiarity with the case.

We review an award of attorney's fees for abuse of discretion, which occurs when a district court's decision "rests on an error of law" or a "clearly erroneous factual finding," or when the decision "cannot be located within the range of permissible decisions." *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Hist. Dist. Comm'n*, 934 F.3d 238, 243 (2d Cir. 2019).[3]

As the district court acknowledged in both fee award orders, *Farrar* and *Pino* are the seminal cases governing the propriety of fee awards under 42 U.S.C. § 1988 in nominal damages cases in the Second Circuit.  In *Farrar*, the Supreme Court explained that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all."  506 U.S. at 115.  Because the

---

[2] All three defendants appealed the district court's initial fee award order.  Fees were awarded only against CUNY, and only CUNY appeals the amended order.

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

4

plaintiffs there received only nominal damages from one defendant after seeking $17 million in damages from six defendants, the Court concluded that the case "accomplished little beyond giving petitioners the moral satisfaction of knowing that a federal court concluded that their rights had been violated in some unspecified way." *Id.* at 114. The Court therefore concluded that a fee award was inappropriate. *See id.* at 116. In *Pino*, we applied the principles set forth in *Farrar*, explaining that "attorney's fees and costs are usually not appropriate when a plaintiff recovers only nominal damages." 101 F.3d at 239. We emphasized that a fee award in such a case will be "rare," such as when the plaintiff "prevail[s] on a novel issue of law" and thereby "create[s] a new rule of liability that serve[s] a significant public purpose." *Id.* at 238–39 (citing *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994)). Pino brought three claims against two defendants and sought $21 million in damages as well as injunctive relief and a declaratory judgment, but she ultimately obtained only nominal damages from one defendant and did not produce any "ground-breaking conclusions of law." *Id.* at 239. Given that "[t]he only way Pino could have been less successful is if she had lost altogether," we observed that "[i]f this is not a case in which *Farrar* precludes a fee award it is hard to construct one." *Id.* at 238. We therefore vacated the fee award and remanded to the district court with instructions to deny Pino's application for attorney's fees. *See id.* at 239.

We conclude that the district court abused its discretion in relying on CUNY's alleged bad faith in its conduct giving rise to the lawsuit as a basis for awarding fees. *Farrar* and *Pino* do not identify a party's bad faith in the underlying conduct which was the subject of the litigation as justifying an award of fees under § 1988 to a prevailing plaintiff who recovers only nominal damages. Indeed, we are unaware of any decision of this Court finding that an award of attorney's fees is appropriate under § 1988 based on pre-litigation conduct. Bad faith can be a basis for an award of attorney's fees as a *sanction* for litigation-related conduct. *See, e.g.*, *Rossbach v.*

*Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (noting that a federal court "may exercise its inherent power to sanction a party or an attorney who has acted in bad faith"). But as Knights acknowledged at oral argument, he brought no motion for sanctions. In determining whether a fee award is reasonable under § 1988, on the other hand, "the most critical factor . . . is the degree of success obtained." *Farrar*, 506 U.S. at 114. A defendant's alleged bad-faith conduct giving rise to the claims that were adjudicated by the jury has no obvious bearing on that factor, and the district court here made no attempt, much less a persuasive one, to connect these distinct issues.

In any event, even assuming (without deciding) that a party's bad faith in the underlying dispute could warrant attorney's fees under § 1988, the district court did not adequately justify its finding that CUNY acted in bad faith in responding to Knights's grievance claim. Indeed, the court at no point explained exactly how any of CUNY's conduct was improper in the sense of being subjectively motivated by ill intent. *Cf. Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (requiring a finding of bad faith to be articulated with "a high degree of specificity" in the sanctions context). The mere fact that CUNY sought to moot the arbitration proceedings is insufficient to support the court's finding on this point. What the court characterized as a "mootness gambit," Special App'x 8, could just as well have been a tactical decision by CUNY to resolve its dispute with Knights rather than engage in a potentially protracted arbitration. The jury obviously concluded that CUNY thereby deprived Knights of a name-clearing hearing to which he was entitled, but we are not aware of any basis for concluding that CUNY proceeded with deliberate intent to violate Knights's constitutional rights.

\* \* \*

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** with instructions to deny Knights's application for attorney's fees.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk